The Safe Deposit and Trust Company of Pittsburg, Administrator of J. C. Euwer, deceased, *v.* George B. Motheral, Appellant.

*Appeals—To justify reversal record must show material error.*

To justify a reversal of a judgment after a trial, it must be made apparent from the record, not only that error has been committed but that it materially prejudiced the rights of the party complaining.

Argued April 25, 1898.   Appeal, No. 162, April T., 1898, by defendant, from judgment of C. P. No. 2, Allegheny Co., July Term, 1896, No. 599, on verdict for plaintiff.   Before RICE, P. J., WICKHAM, REEDER, ORLADY, SMITH and PORTER, JJ.   Affirmed.

Assumpsit.   Before WHITE, P. J.

The facts sufficiently appear in the opinion of the court below refusing motion for a new trial as follows :

This was an action to recover the price of lumber furnished by J. C. Euwer for the repairs or addition to the building of defendant, of which one McMasters was the contractor.   The evidence on part of plaintiff was to the effect that Euwer would not furnish the lumber on the credit of McMasters.   The agreement with McMasters was that the defendant should pay for it, and that defendant did agree to pay for it.   This was denied by McMasters and the defendant, but the jury found for the plaintiff and I think, under the evidence, it was a fair question for the jury.

The main ground urged for a new trial is, that the court said to the jury it was not a case where the plaintiff could have filed a mechanic's lien, and the act of May 18, 1887, is referred to as evidence of this error.

I do not think there was error in what was said in the charge, or to the jury when they came in for further instruction.

The act of May 18, 1887, provides that a mechanic's lien may be filed for repairs, alterations or an addition to a building.   That was this case.   But the act expressly provides that " To entitle any one to the benefits of this act he shall give no-

tice to the owner or reputed owner of the property, or his or her agent, at the time of his furnishing the materials or performing the work in or about the repairs, alterations or additions to any house or other building of his intention to file a lien under the provisions of this act."

Such a notice is a necessary prerequisite to the filing of a lien: Best v. Baumgardner, 122 Pa. 17; Groetzinger v. Ostheim, 135 Pa. 604. No such notice was given in this case. Even if the defendant said to Euwer, after the lumber was furnished, that if he filed a lien, the payment of his bill would be secured, that would not alter the case. It would not waive or dispense with the requirement of the statute, for it was not so intended. It was meant that he might secure it against McMasters, the contractor, and thus relieve him as owner. In no sense or way could it relieve him from his personal liability or his personal promise to pay for the lumber. Even if there was error in the instructions, it was immaterial and could not have injured defendant.

New trial refused. Verdict and judgment for plaintiff for $503.41. Defendant appealed.

*Errors assigned* were (1) in its charge to the jury, as follows: " Where there is a new building, or such changes in an old building, as to virtually make it a new building, there may be a mechanic's lien filed, but where it is simply some repairs to a building, a mechanic's lien cannot be filed." (2) In its instruction to the jury, as follows: " In your note you ask this question: 'Does the fact of J. C. Euwer not having filed a lien within the prescribed six months have to be considered as having any bearing on this case?' I answer that question, no. According to the evidence it was not a case where a lien could be filed, and if a lien had been filed it would have amounted to nothing."

*George E. Shaw,* with him *Knox & Reed,* and *Edwin W. Smith,* for appellant. — It is of course conceded that the questions whether or not Mr. Motheral agreed to pay the plaintiff's claim or ratified such an agreement are ones of fact and for the jury. We would not discuss them except to call to mind how close these questions were under the testimony, and how easily the

jury might have been influenced by instructions of the court which were clearly erroneous we think and upon a material point.

*N. W. Shafer*, for appellee.

OPINION BY SMITH, J., October 10, 1898:

This case involved only questions of fact, and was exclusively for the jury. There was no principle of law or practice raised on the trial, and none is presented or discussed in the paper-books. The action was assumpsit for material furnished in the repair of a building. The evidence was conflicting, but related solely to the question of liability thus raised. The assignment of errors pertains to remarks of the court in the charge, with reference to a question not material to the issue. Whether a mechanic's lien might have been filed was immaterial. This is practically conceded by the learned counsel for the appellant. But it is argued that inasmuch as what the court said on this point did not agree with the statement of the defendant to the plaintiff's agent on the same subject, it may have indirectly cast doubt on the defendant's credibility in the minds of the jury. That the part of the charge embraced in the specifications may have been erroneous, considered as an abstract proposition, may be conceded, but it does not follow that it was incorrect under the facts of the present case. We do not feel called upon to analyze or discuss that question. Under the instruction of the court it was removed from the consideration of the jury as having no bearing on the case. It is but reasonable to assume that the jury desired to know whether the failure of the plaintiff to file a lien had any bearing on the question of the defendant's liability. The answer of the court wholly eliminated the matter inquired about from their consideration. There was no exception made on the question of credibility or on any other branch of the case, and there is no ground to assume that the jury disregarded the answer. Under this instruction of the court they were enabled to more closely consider the question submitted for their determination.

We have thus briefly examined the appellant's subject of complaint; but the cause is ruled by familiar principles of practice. Where the appellant has failed to show, in an affirmative

manner, that error was committed on the trial, which was material to the issue, an appellate court will not reverse. "To justify a reversal of a judgment, after a trial, it must be made apparent from the record, not only that an error has been committed, but that it materially injured the rights of the party complaining:" Allegheny v. Nelson, 25 Pa. 332. Many other cases might be cited to the same effect.

Judgment affirmed.