# Wills *v.* Hardcastle, Appellant.

*Appeals—Record—Evidence.*

To justify a reversal of a judgment after a trial, it must be made apparent from the record, not only that an error has been committed, but that it materially injured the rights of the party complaining. To reverse without being satisfied in regard to the last branch of the proposition would in many cases be to overturn judgments for errors on abstract points, not properly involved in the court below.

*Appeals—Paper-books—Failure to print testimony—Practice.*

On an appeal from a judgment on a verdict, a failure to print the testimony will justify the appellate court in dismissing all the assignments of error upon which the testimony has a bearing.

*Appeals—General assignment of error.*

Where plaintiff's statement sets forth a good cause of action, and where a verdict has been rendered for the plaintiff and a question of law has not been reserved, a general assignment of error alleging error in entering judgment on the verdict is not good.

Where a defendant does not except generally to the charge and answers to points, but excepts merely to portions of the charge and to answers to certain of the points, he cannot assign as error an answer to a point, as to which he took no exception.

*Practice, C. P.—Trial—Evidence—Inference from nonproduction of evidence.*

Where evidence which would properly be part of a case, is within the control of the party whose interest it would be to produce it, and, without satisfactory explanation, he fails to do so, the jury may draw an inference that it would be unfavorable to him. It is an inference of fact, not an inference of law.

In Pennsylvania this principle of evidence is not confined to the nonproduction of documentary proof in the possession or under the control of the party, but may be applied by the jury to the nonproduction by the party having the burden of proof, of witnesses, who, presumably, are best informed on the subject of investigation, especially if their relations with such party are not hostile, but friendly, and their bias, if any, would be in his favor. It is not necessarily error for a court in charging the jury to

make comments and express an opinion upon the nonproduction of such evidence, providing nothing is said to bind the jury or to preclude them from deciding the case for themselves on the evidence.

*Libel—Intention—Publication.*

Every one who requests, procures or commands another to publish a libel is answerable as though he published it himself, and such request need not be express, but may be inferred from the defendant's conduct in sending his manuscript to the editor of a magazine, or making a statement to the reporter of a newspaper, with the knowledge that they will be sure to publish it and without any effort to restrain their so doing; and it is not necessary that the defendant's communication be inserted verbatim so long as the sense and substance of it appear in print.

In an action for libel where it appears that the publication charged the plaintiff, a clergyman, with having defrauded the defendant in a business transaction, it is proper to refuse a point as follows: "Unless the jury find that the publication was false and malicious and published by the defendant with malicious intent, the plaintiff is not entitled to recover and the verdict should be for the defendant."

Argued Nov. 19, 1901.     Appeal, No. 84, Oct. T., 1901, by defendant, from judgment of C. P. Delaware Co., Dec. T., 1898, No. 255, on verdict for plaintiff in case of Joshua E. Wills v. Thomas Hardcastle.     Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.     Affirmed.

Trespass for libel.

The publication for which the suit was brought appeared in the Morton Chronicle on December 1, 1898, and was as follows :

"Thomas Hardcastle, of this Borough, has brought suit in the Court of Common Pleas No. 4, in Philadelphia, against Rev. Joshua E. Wills, of West Chester, to recover $1,514.50 which he alleges the Defendant defrauded him out of in the purchase of 971 acres of land situate on the waters of Shooting Creek, Clay County, North Carolina, in November, 1893.   In his affidavit of claim the Plaintiff said the Defendant came to him and offered to sell him one-half of 1,942 acres which he represented had cost $4,000 at one-half the cost price, or $2,000, and that he was induced to purchase one-half of the said tract at the latter price.   The Plaintiff further alleges that the said tract of 1,942 acres did not cost the sum of $4,000, but on the contrary the cost of the whole tract of land was $971, and the cost of the tract of 971 acres which the Defendant sold to the Plain-

tiff was $485.50, hence the suit to recover the amount claimed. Samuel P. Hanson, Esq., of Swarthmore, is the prosecuting attorney."

Plaintiff's points, were, among others as follows :

1. If after the defendant, Thomas Hardcastle, commenced suit against the plaintiff, for an alleged breach of agreement as to the North Carolina land and procured a copy of his statement of claim and his allegations in that suit to be published in the public newspapers with the intent thereby to injure the reputation of the plaintiff, and the plaintiff's reputation was thereby injured, the plaintiff is entitled to recover. *Answer :* Affirmed. [2]

4. If the jury believes that the defendant by his conduct in handing the manuscript to the editor of a newspaper and in not trying to restrain the publication, had reason to believe it would be published, then he is liable as though he had published it himself. *Answer :* Affirmed. [3]

5. It is not necessary that the communication handed to the editor be inserted verbatim. All that is necessary is that the sense and substance of it appear in print. *Answer :* Affirmed. [4]

Defendant presented this point:

7. Unless the jury find that the publication is false and malicious then the verdict must be for the defendant. *Answer :* Refused. [6]

8. Unless the jury find that the publication was false and malicious and published by the defendant with malicious intent, the plaintiff is not entitled to recover and the verdict should be for the defendant. *Answer :* Refused. [7]

Verdict and judgment for plaintiff for six cents. Defendant appealed.

*Errors assigned* were (1) in entering judgment for defendant. (2, 4, 7, 8) Above instructions, quoting them.

*Samuel P. Hanson,* with him *Garrett E. Smedley,* for appellant.—In an action for libel it is for the court to determine whether the alleged libel is a privileged communication; but the question of good faith, belief in the truth of the statement and the existence of actual malice are questions for the jury:

Briggs v. Garrett, 111 Pa. 422; Press Co. v. Stewart, 119 Pa. 603; Com. v. McClure, 1 Pa. C. C. Rep. 207.

The publication was to all intents and purposes a privileged communication.

*V. Gilpin Robinson*, with him *W. Roger Fronefield*, for appellee.—Every one who requests, procures or commends another to publish a libel is answerable as though he published it himself: Odgers on Libel and Slander, *155; Com. v. Walfinger, 7 Luzerne Leg. Reg. Rep. 537; Miller v. Butler, 6 Cush. (Mass.) 71; Strader v. Snyder, 67 Ill. 404.

The burden of proving the truth of the statements if admissible at all, was on the defendant: Steinman v. McWilliams, 6 Pa. 170; Gorman v. Sutton, 32 Pa. 247.

The communication was not privileged: Briggs v. Garrett, 111 Pa. 422; Chapman v. Calder, 14 Pa. 365; McGaw v. Hamilton, 15 Pa. Superior Ct. 181; Jackson v. Pittsburg Times, 152 Pa. 406; Coates v. Wallace, 4 Pa. Superior Ct. 253.

OPINION BY RICE, P. J., March 14, 1902:

This is an application to reverse the judgment of the court below without furnishing us with any of the evidence pertinent to the questions discussed.

1. Our rule of court provides that the appellant's paper-book shall include an appendix containing the evidence; and in general to have a question reviewed, all the evidence given in the court below, bearing upon the point, must be furnished in the paper-book: 1 P. & L. Dig. of Dec. Col. 885. The rule has long been in force in the Supreme Court, and in this court from the time of its organization. The reason for it is plain. " To justify a reversal of a judgment, after a trial, it must be made apparent from the record, not only that an error has been committed, but that it materially injured the rights of the party complaining. To reverse without being satisfied in regard to the last branch of the proposition, would, in many cases, be to overturn judgments for errors on abstract points, not properly involved in the proceedings below." These remarks taken from the opinion of Chief Justice LEWIS in Allegheny v. Nelson, 25 Pa. 332, are pertinent here, and for the reasons above suggested we would be justified in dismissing all of the assignments of error excepting perhaps the sixth and seventh,

without further discussion or consideration. Our omission to dispose of them in that summary manner is not to be taken as a precedent for disregarding the rule of court in future cases.

2. It is not pretended that the plaintiff's statement did not set forth a good cause of action, and where this is the case and a verdict has been rendered for the plaintiff and a question of law has not been reserved, a general assignment alleging error in entering judgment on the verdict is not good.

3. The defendant did not except generally to the charge and the answers to the points, but did take specific exceptions to certain portions of the charge and to the answers to certain points. The answer to the first plaintiff's point was not one of these; therefore, the second assignment of error is overruled.

4. A man is supposed to intend the natural consequence of his own intentional act. Actions often speak louder than words. The instruction complained of in the third and fourth assignments of error were fully warranted by the authorities, and, so far as we know, by the evidence in the case. "Everyone who requests, procures, or commands another to publish a libel is answerable as though he published it himself. And such request need not be express, but may be inferred from the defendant's conduct in sending his manuscript to the editor of a magazine, or making a statement to the reporter of a newspaper, with the knowledge that they will be sure to publish it, and without any effort to restrain their so doing. And it is not necessary that the defendant's communication be inserted verbatim, so long as the sense and substance of it appear in print:" Odgers on Libel and Slander, *155, Bl. ed. 119. See also cases cited by the learned author on *559, etc., Bl. ed. 430. These assignments are overruled.

5. Where evidence which would properly be part of a case is within the control of the party whose interest it would naturally be to produce it, and, without satisfactory explanation he fails to do so, the jury may draw an inference that it would be unfavorable to him. It is an inference of fact, not a presumption of law: Hall v. Vanderpool, 156 Pa. 152; Steininger v. Hoch's Exr., 42 Pa. 432; Frick v. Barbour, 64 Pa. 120; Collins v. Leafey, 23 W. N. C. 264; McHugh v. McHugh, 186 Pa. 197. In Pennsylvania this principle of evidence is not confined to the nonproduction of documentary

proof in the possession or under the control of the party, but may be applied by the jury to the nonproduction by the party having the burden of proof, of witnesses, who, presumably are best informed on the subject of investigation, especially if their relations with such party are not hostile but friendly, and their bias, if any, would be in his favor: Ginder v. Bachman, 8 Pa. Superior Ct. 405. It is not necessarily error for a court in charging the jury to make comments and express an opinion upon the nonproduction of such evidence, providing nothing is said to bind the jury or to preclude them from deciding the case for themselves on the evidence: Ginder v. Bachman, supra; 2 P. & L. Dig. of Dec., Col. 2668. But the inference from the nonproduction of evidence being one of fact merely, it might seem that in the instructions complained of in the fifth assignment the learned judge went farther than he was warranted, were it not for the qualifications with which he immediately followed them, and which are not quoted in the assignment. Construing the remarks of the trial judge upon this phase of the case as a connected whole, our conclusion is that no reversible error was committed. We could more satisfactorily consider the question if we had the evidence before us.

6. The publication charged the plaintiff, a clergyman, with having defrauded the defendant in a business transaction. In his eighth point, and substantially in his seventh, the defendant asked the court to charge as follows: " Unless the jury find that the publication was false and malicious and published by the defendant with malicious intent, the plaintiff is not entitled to recover and the verdict should be for the defendant." The effect of affirming this point would have been to hold, to use plain terms, that you may with malicious intent publish of a clergyman that he has been guilty of an immoral and an illegal act, even amounting to a crime, and that it is incumbent on him to prove affirmatively that he is not guilty of the charge in order to recover in an action of libel. None of the cases cited by the appellant's counsel, and none other of which we are aware, sustains such a proposition. The points were properly refused.

7. The eighth assignment is not based on any point presented or exception taken in the court below, and, therefore, will not be discussed.

Judgment affirmed.