## Commonwealth *v.* Hasse, Appellant.

*Appeals — Practice, Superior Court — Continuance—Defective paper-book—Omission of testimony—Criminal cases.*

Where a criminal case has been continued for several terms, and five months have elapsed between the first continuance and the time when it is peremptorily ordered for argument, and when the case is called it appears that material testimony, without which none of the assignments of error can be considered, has not been printed in the appellant's paper-book, the court will quash the appeal. In such a case it is no excuse that the delay, and the omission of the testimony, was owing to the conduct of the stenographer, where the record does not show that the appellant took any step to compel the stenographer to do his duty.

Argued May 20, 1902. Appeal, No. 14, Feb. T., 1902, by defendants, from judgment of Q. S. Elk Co., April T., 1901, No. 3, on verdict of guilty in case of Commonwealth v. H. F. Hasse, C. J. Schramm and Nelson Lund. Before RICE, P. J.,

292.     COMMONWEALTH *v.* HASSE, Appellant.

Statement of Facts—Opinion of the Court. [21 Pa. Superior Ct.

BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.
Appeal quashed.

Indictment for conspiracy.   Before MAYER, P. J.
Motion to quash indictment.

*Eug. Mullin,* of *Mullin & Mullin* and *E. J. Jones,* for appellant.

*Harry Alvan Hall,* with him *Eugene H. Baird,* for appellee.

OPINION BY RICE, P. J., October 13, 1902:

It is important, for obvious reasons, that appeals from convictions in criminal cases should be brought to a speedy hearing. Our rules contemplate it.   The frequency of applications for continuance of such cases upon the ground of failure to obtain a transcript of the testimony leads us to state somewhat fully our reasons for quashing this appeal, and in doing so, to suggest what action it is in the power of, and incumbent on, the appellant to take in order to avoid unreasonable delay for that cause.

The defendants were sentenced on October 18, and took this appeal on October 23, 1901.   Regularly the case should have been brought to a hearing at Philadelphia in December, or if not heard there, then, under our rules, it might have been heard at Scranton in January, at Williamsport in February, or at Harrisburg in March.   On April 14, 1902, it was regularly on the Pittsburg list.   The defendants again moved for a continuance upon the ground that they had been unable to get the stenographer to transcribe the testimony, and the commonwealth's counsel moved for a non pros. upon the ground that no paper-book had been served.   On April 28, we "peremptorily ordered that the above-mentioned cause be set down for argument on Tuesday, May 20, 1902, not to be further continued upon the appellants' motion."   On May 20, the commonwealth's counsel moved to quash the appeal "for the reason that the paper-book of the appellant does not contain the testimony, and the record filed is not the complete record of the case and was not certified by the court."   This was a correct statement of the facts.   None of the testimony was

printed, only part of it was returned with the record, and that was not certified by the trial judge. This is not one of those exceptional cases in which the rule requiring the testimony to be printed may be waived. We would not sustain an assignment of error to the striking out of the testimony of a witness without knowing what it was. Neither, under the same circumstances, could we say that there was injurious error in instructing the jury in a certain contingency to reject the testimony of a witness. It was essential to a proper disposition of each and all of the assignments of error that we have the testimony before us : Allegheny v. Nelson, 25 Pa. 332. The duty to bring it here and print it always rests on the appellant : Rule 6, sec. 2; Rule 24, sec. 10. If he fails to comply with the rules he "shall be considered in the same default" as if no paper-book had been furnished : Rules 31 and 32. We have always been sufficiently liberal in excusing such defaults, when the occasion required it, and have been so in this case. To go further would be to abrogate the rules. If the stenographer fails to perform his duty, it is in the power of the trial court to compel him to perform it. Under the circumstances it was incumbent on the appellants, especially after they learned of the procrastination of the stenographer, to make every reasonable effort to compel performance of his duty in order that they might perform theirs. Writing urgent letters to him appears to have been of no avail. While it is alleged that the judge was also written to, yet the record does not show, and it is not alleged in the affidavits, that any formal motion was made to the court for a peremptory order on the stenographer. It is impossible to suppose that, if such motion had been made to the court, it would not have been promptly granted. And, surely, it cannot be claimed that the five months which elapsed between the date of the first continuance and the date when the case was peremptorily set for hearing was not time enough to obtain and secure enforcement of an order of court compelling the stenographer to transcribe his notes. In view of the several continuances, the lapse of time and the peremptory order made on April 28, we are constrained to say that the commonwealth's counsel had a right to insist on the enforcement of our rules. Therefore their motion is allowed and the appeal quashed.