# Cox *v.* Wilson, Appellant.

*Appeals—Assignments of error—Refusal to grant nonsuit—Charge.*

A refusal to grant a compulsory nonsuit is not reviewable on appeal.

An assignment of error which sets forth a portion of one sentence of the charge without anything to indicate its bearing, or its alleged injury to the appellant, will not be considered.

An assignment of error setting forth a single sentence of the charge, severed from the context, will not be considered.

Assignments of error setting forth points and answers thereto which are not self-explanatory or self-sustaining, will not be considered.

To justify a reversal of a judgment after trial it must be made apparent from the record not only that an error has been committed, but that it materially injured the party complaining.

*Evidence—Parol evidence—Written contract.*

Parol evidence, which is explanatory of the subject-matter of the written contract consistent with its terms and necessary for its interpretation, is admissible.

Argued May 9, 1904. Appeal, No. 65, April T., 1904, by defendants, from judgment of C. P. Beaver Co., June T., 1902, No. 167, on verdict for plaintiff in case of Thomas J. Cox *v.* Jefferson Wilson et al. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Trespass vi et armis. Before WILSON, P. J.

Verdict and judgment for plaintiff for $45.00. Defendant appealed.

*Errors assigned* were in the following form :

1. The court erred in refusing to grant defendant's motion for a compulsory nonsuit.

2. The court erred in charging the jury that he (Jefferson Wilson), after the purchase was made, " went on the land and located the road where he wanted it placed, agreeing at the time to build a certain portion of it, if the plaintiff would build the other part, which was not agreed to."

3. The court erred in refusing the defendant's second point, which is as follows : Second. The plaintiff had no right to use the way over Jefferson Wilson's land to haul lumber from Mr.

636 COX *v.* WILSON, Appellant.

Assignment of Errors— Opinion of the Court. [25 Pa. Superior Ct.

Braun's mill, situate beyond the plaintiff's own land. *Answer :* This point is refused as written. If the plaintiff was taking lumber from his own land, and having it sawed into lumber at a mill on his land or some other man's land, he would have a right to haul it over this road.

4. The court erred in refusing defendant's third point, which is as follows : Third. The plaintiff, Thomas J. Cox, had no right to use the way over this land, except to go to and return from his own land ; he had no right to use it and return with a load from a point beyond and across his own farm, which he purchased from Mr. Holmes as shown by deed in evidence. *Answer :* That is refused for the same reason as given in second point, as it does not contain enough of particularity in the light of the evidence in this case.

5. The agreement between Mr. Holmes and Mr. Wilson being in writing the court erred in instructing the jury as follows : " So that taking the testimony you must determine under all the testimony in the case whether there was such an agreement on the part of Mr. Holmes as gave the defendant, Jefferson Wilson, the right to locate this private right of way wherever he might see fit, and placed upon Mr. Cox the duty of making an entirely new private way across the land of the defendant—placed such duty upon Mr. Holmes and his successor in title."

6. The court erred in its answer to plaintiff's fifth point, which was as follows : Fifth. Oral evidence cannot be used to contradict a written agreement. *Answer :* The point is affirmed, with the exception that 'where an agreement needs explanation testimony can be introduced explanatory of it, and oral testimony can be introduced where there is an allegation of fraud, accident or mistake, but that is not this case.

*Roger Cope*, for appellants.

*David K. Cooper*, of *Cooper & Ritchie,* for appellee.

OPINION BY SMITH, J., July 28, 1904 :

Although the assignment in this case contains six specifications of error none can be sustained. The first alleges error in the refusal to grant a compulsory nonsuit; this is not re-

viewable.   The second sets forth a portion of one sentence as
erroneous without anything to indicate its bearing or its alleged
injury to the defendant; this severance from its proper place
in the sentence tends to confusion and is a perversion of the
charge when properly read and considered and for this reason
it is fatal: Irvin v. Kutruff, 152 Pa. 609.   The third and
fourth specifications are also defective for want of particularity
as stated by the trial judge in refusing to affirm these points.
Furthermore, these specifications of error are not self-explana-
tory or self-sustaining: Irvin v. Kutruff, supra.   The fifth
specification consists of a single sentence extracted from the
body of the charge and recited in the specification, and this is
open to the objection stated in the opinion of Chief Justice
STERRETT in the above case and by President Judge RICE in
Brinton v. Walker, 15 Pa. Superior Ct. 449: "It is always
unsafe as well as unfair to the trial judge to select a single
sentence from the body of his charge, sever it from the context
and undertake to construe it by itself, without regard to
what he may have said in the same connection or in other
portions of his charge," an objection peculiarly pertinent here.
The sixth specification alleges error in the answer to the fifth
point, which is that: "Oral evidence cannot be used to contra-
dict a written agreement.   *Answer:* The point is affirmed, with
the exception that where an agreement needs explanation tes-
timony can be introduced explanatory of it, and oral testimony
can be introduced where there is an allegation of fraud, accident
or mistake, but that is not this case."   Clearly there is noth-
ing objectionable in this answer.   The point seems to have no
particular application to the case, except that given to it by
the trial judge, and when considered in connection with the
facts was entirely proper.   Parol evidence, which is explana-
tory of the subject-matter of the written contract, consistent
with its terms and necessary for its interpretation, is admissible:
Centenary M. E. Church v. Clime, 116 Pa. 146.   Furthermore
the oral testimony is not denied and it does not appear in what
manner this answer was erroneous.   Treating the assignment
of errors as the pleadings in this court, after a very careful read-
ing of them (as well as the paper-books) we fail to discover
any material error.   "When the appellant has failed to show
in an affirmative manner, that error was committed on the trial

which was material to the issue, an appellate court will not reverse. 'To justify a reversal of a judgment after trial, it must be made apparent from the record not only that an error has been committed, but that it materially injured the party complaining:' Allegheny v. Nelson, 25 Pa. 332;" Safe Deposit & Trust Co. v. Motheral, 8 Pa. Superior Ct. 433; Wills v. Hardcastle, 19 Pa. Superior Ct. 525.

Judgment affirmed.