# Rouseville Borough School District *v.* Cornplanter Township School District, Appellant.

*Contracts—Evidence—Parol evidence to explain—School district—Township—Borough—Apportionment of property.*

Parol evidence which is explanatory of the subject-matter of a written contract consistent with its terms and necessary for its interpretation, is admissible.

The school district of a borough which had been cut out of a school district of a township, entered into an agreement in writing with the latter by which it was provided that the school district of the township should "have all the resources, excepting the contents of the storeroom," and that the school district of the township "will divide the state appropriation pro rata, if the appropriation is for the year of June the first, nineteen hundred, to June the first, nineteen hundred and one." *Held,* that parol evidence was admissible to show what were the resources spoken of, what were the contents of the storeroom, and what was intended by the reference to the state appropriation.

*School law—School district—Borough.*

The Act of July 24, 1895, P. L. 259, relating to the adjustment of indebtedness and property rights between township districts and borough districts carved out of the former, did not prevent the districts from endeavoring by agreement to arrange a mutually satisfactory division between themselves.

*School law—State appropriation—Boroughs—Townships—Act of July 15, 1897.*

The Act of July 15, 1897, P. L. 271, relating to the distribution of the state appropriation among the several school districts of the commonwealth, has no application to a division of funds between the school district of a township and a new district created by the erection of a borough out of a portion of the territory of the township.

Argued May 16, 1905.    Appeal, No. 161, April T., 1905, by defendant, from judgment of C. P. Venango Co., Nov. T., 1901, No. 1, on verdict for plaintiff in case of Rouseville Borough School District v. Cornplanter Township School District.    Before BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.    Affirmed.

Assumpsit on a written agreement between two school districts.    Before THOMAS, P. J., specially presiding.

From the record it appeared that the contract was as follows:

" This agreement made and entered into this 19th day of

June A. D. 1900, by and between the School Board of Cornplanter Township, Pa., and the School Board of the Borough of Rouseville, Pa.,

" Witnesseth, That for a consideration hereinafter mentioned the School Board of the Borough of Rouseville, have agreed and hereby do agree to the following settlement. The School Board of the Borough of Rouseville are to have the school building and real estate upon which it stands, together with all its contents for which the Rouseville School Board are to pay the sum of $300.00 Three Hundred dollars in cash to the Cornplanter Township School Board, and the School Board of Cornplanter Township is to have all the resources excepting the contents of the store-room.

" We further agree that Cornplanter Township will divide the State Appropriation pro rata if the appropriation is for the year of June the first, nineteen hundred to June the first, nineteen hundred and one.

" Cornplanter Township School Board.

" PETER BERRY, President.

" LOUIS SCHWARTZCOP, Sect'y.

" Rouseville School Board.

" W. C. TYLER, President.

" GEO. A. LYFORD, Sect'y."

The court admitted oral evidence to explain the subject-matter of the contract.

The court charged in part as follows :

[This is an action brought by the school district of Rouseville against the school district of Cornplanter Township, this county, for the purpose of recovering what they allege is due to them upon a certain contract entered into between said districts in the year 1900, probably upon June 21st, of that year.] [9]

Ordinarily a contract which has been reduced to writing is binding upon the parties and they cannot change its terms. It is not only good law, but it is good policy for the people not to talk away that which they have taken the pains to reduce to writing. This contract with reference to the state appropriation on its face shows that the township shall only become responsible to pay to the borough the proportion of the

state appropriation in case they receive the appropriation for the year from June, 1900, to June, 1901, and there is no allegation that they did receive that appropriation.   Therefore, on the face of the contract, the case is with the defendants, but it is proper in cases where the parties at the time of making the contract agreed as to what the particular terms of the contract should apply to ; that is, what was the subject-matter of the contract, it is proper to offer testimony as to what that agreement was, and that is what has been done here.   That is, the plaintiff alleges that the term " all resources " in this contract was to apply to and it was agreed that it should apply to the resources contained in the auditor's report.   The defendants deny this and say those resources had been considered in arriving at a basis when they first started out at fixing a valuation.   What are the facts?· Did they agree that the resources which were included in this contract should refer to the resources mentioned in the auditor's report?  If they did and that was their agreement at the time, they are bound by that agreement.   If they did not the defendants are entitled to all the resources of the township, unless you find for reasons hereafter assigned that they should not do so.

We have permitted them to offer testimony as to what the parties agreed this term " state appropriation for one year 1900 to 1901 " referred to.   The plaintiffs allege it referred to the appropriation mentioned in the Woodring letter and that they were informed that that referred to that year and was for that year and no other year, and in pursuance of that they signed the contract.   What are the facts ?   Did the parties agree at the time ?   Did their minds meet in an agreement that this last clause in the contract was the appropriation mentioned in the Woodring letter?   The defendants deny this.   The plaintiffs claim it was.   The defendants say it provided for a contingency in case the next year's appropriation should be paid to them.   In determining whether the parties agreed upon what the term " resources " should apply to, and what the term " state appropriation " should apply to, the burden is on the plaintiffs to satisfy you that they agreed according as the plaintiffs contend they agreed.   If they do not so satisfy you by the weight of the evidence, your verdict should be for the defendant in this case. [10]

Defendant presented these points :

1. That under the pleadings and evidence in the case the plaintiff is not entitled to recover and the verdict should be for the defendant. *Answer :* This point is refused. We say it is a question for you to determine and not for the court.] [1]

2. The construction of the written agreement executed between the school district plaintiff and defendant is for the court. *Answer :* This point is refused; under the evidence in this case we will say it is for you. [2]

3. The evidence on the part of the plaintiff, seeking not only to overcome the written agreement entered into by the two school districts, but to nullify the deliberate action of the plaintiff corporation, ratifying said agreement, is wholly insufficient to warrant the submission thereof to the jury. *Answer :* This point is refused. [3]

5. The unsupported evidence offered by the plaintiff in this case consisting of the testimony merely of the individual directors of the plaintiff school district, and opposed and contradicted by the individuals composing the school board of the defendant district, as well as by the writing itself and the official action of the respective boards of directors in the adoption and ratification thereof, is not sufficient to justify the reformation of the written agreement or the submission of the evidence to the jury. *Answer :* This point is refused; we say it is for you to determine, but that the burden is upon the plaintiff as we have indicated and to the extent we have indicated in our general charge. [4]

5. That the testimony of the persons constituting the school board of the borough of Rouseville, as to what took place at the time of, and immediately preceding, the execution of the agreement between the two districts, in relation to the state appropriation, is in direct conflict with provisions of the agreement in relation thereto and is insufficient and incompetent to change, modify or abrogate the express provisions of the contract, in respect to the disposition of the resources or assets therein mentioned, including the state appropriation. *Answer :* This point is refused; it is for you. [5]

6. To overcome the written agreement in question, adopted and approved by the respective boards of directors specially convened for the purpose of making an adjustment and divi-

sion of all the property and assets of the old district, including the borough, by parole evidence, the burden of proof is upon the plaintiff, and such evidence must be clear, precise and indubitable. *Answer :* If for any reason you find there was any fraud or mistake in the execution or in procuring the execution of this instrument, we say the plaintiff is obliged to show this by evidence that is clear, precise and indubitable, subject to the explanation we have made as to what those terms mean. [6]

7. The proportion of the state appropriation for the year ending June 1, 1900, which the plaintiff was entitled to receive, in a division and adjustment of the property and assets of the old school district, is prescribed by the act of assembly of July 15, 1897, and the plaintiff, having failed to give any evidence from which the plaintiff's share of said appropriation could be determined, is not entitled to recover in this action, any part thereof. *Answer :* For the purpose of this case that point is refused ; there is some evidence as to the pro rata of each district. [7]

*A. R. Osmer* and *J. H. Osmer*, with them *N. F. Osmer*, for appellant.—In all cases where a remedy is provided, or duty enjoined, or anything to be done by any act or acts of assembly of this commonwealth, the direction of said acts shall be strictly pursued : Act of Assembly of March 21, 1806, 4 Sm. L. 326, sec. 13.

Where a new school district may result by operation of law from the incorporation of a borough, the apportionment and division of school property must be made in manner provided by the 11th section of the act of April, 1862, upon the formation of new school districts : In re Abington School District, 84 Pa. 179 ; In re School District of Luzerne Borough, 3 Kulp, 162.

Parole evidence is not admissible to show that words which are neither doubtful or ambiguous have a meaning different from their ordinary meaning : Book v. New Castle Wire Nail Co., 151 Pa. 499.

The evidence on the part of the plaintiff was utterly insufficient to vary the terms of the written contract on the ground of fraud, accident or mistake : Stine v. Sherk, 1 W. & S. 195 ;

Thorne, McFarlane & Co. v. Warfflein, 100 Pa. 519 ; Jackson v. Payne, 114 Pa. 67 ; Breneiser v. Davis, 141 Pa. 85 ; Streator v. Paxton, 201 Pa. 135 ; Cullmans v. Lindsay, 114 Pa. 166 ; Miller v. The Church, 4 Philadelphia, 4.

*William J. Breene*, with him *Edmond C. Breene*, for appellee. —Where the execution of a written instrument or contract has been induced by fraud, accident, mistake or a parole contemporaneous agreement without which such instrument or contract would not have been executed, it has been decided that the plaintiff may maintain assumpsit to recover what as a matter of equity and good faith is justly due where he declares on the written contract and alleges in connection therewith, such fraud, accident, mistake or parole contemporaneous agreement : Hunter v. McHose, 100 Pa. 38 ; Cullmans v. Lindsay, 114 Pa. 166 ; Codding v. Wood, 112 Pa. 371.

Where the instrument or contract is not to be understood without reference to facts dehors the record, it is proper to admit such facts for the purpose of ascertaining the real contract or intention of the parties : Moore v. Miller, 4 S. & R. 279 ; Prichett v. Cook, 62 Pa. 193 ; Edelman v. Yeakel, 27 Pa. 26.

OPINION BY BEAVER, J., October 9, 1905:

The parties litigant in this suit agreed to the division of the property belonging to the school board of the township of Cornplanter, out of which the borough of Rouseville had been taken. The agreement was in writing and in it there occurred these clauses : " The School Board of Cornplanter Township is to have all the resources, excepting the contents of the store room, " and " We further agree that Cornplanter Township will divide the state appropriation pro rata, if the appropriation is for the year of June the first nineteen hundred to June the first nineteen hundred and one." To what did the division relate ? What were the resources spoken of ? What was to be done with the contents of the storeroom ? It is very clear that the agreement needs explanation.

The rule laid down in Barnhart v. Riddle, 29 Pa. 92, is peculiarly applicable here : " The rule of law which forbids parol evidence to be received to contradict or vary a written agreement has reference exclusively to the terms in which the writing is couched. But evidence to explain the subject-mat-

ter of an agreement is essentially different from that which varies the terms in which the contract is conceived." In that case the dispute was as to the word "demands" which were to be paid by the defendant under the terms of a written agreement. What were the demands to be paid? Were they all of the debts of the firm or did they relate to specific demands which had been the subject of consideration in a schedule before the parties at the time the agreement was signed? Judge WOODWARD, in a very clear opinion, gives the reason for the rule.

The plaintiff here alleges that the word "resources" referred to a schedule contained in the report of the auditors. What was the fact? It was clearly one for the jury.

In our late case of Cox v. Wilson, 25 Pa. Superior Ct. 635, it is said: "Parol evidence, which is explanatory of the subject-matter of the written contract, consistent with its terms and necessary for its interpretation, is admissible : Centenary M. E. Church v. Clime, 116 Pa. 146."

Was there any mistake as to the year in which the state appropriation mentioned in the agreement was due? It would seem that the parties, at the time of the agreement, had different years in their mind. The plaintiffs had a letter from the state school department, dated May 3, 1900, in which it was said: "As Rouseville was incorporated since the first Monday of June 1899, the appropriation will be paid to the old district. Rouseville will be entitled to its equitable portion of the appropriation at the settlement of the financial affairs between the two districts." It appears from the testimony of the directors of the plaintiff district that this was the appropriation which they had in mind and about which the agreement was made. There is evidence also that the letter was read at the joint meeting when the agreement was signed. If there was any mistake as to the year, it could be remedied by parol evidence of the proper kind and quantity under the well-known rule that the evidence necessary to vary the terms of the written agreement must be clear, precise and indubitable : 6 P. & L. Dig. of Dec. 10277.

The testimony upon the subject was fairly submitted by the court, with proper instructions as to the quantity and quality of the proof necessary to establish the plaintiff's contention.

This disposes of the first, second, third, fourth, fifth, sixth, and eighth assignments of error.

The Act of July 24, 1895, P. L. 259, was passed for the purpose of establishing a mode of ascertaining the manner in which an adjustment of all indebtedness and property rights between the school district of a township and the school district or districts of one or more boroughs, erected in whole or in part from such township, might be made. Evidently this was intended to be resorted to where the several school districts interested could not agree. It certainly did not prevent the districts from endeavoring to arrange a mutually satisfactory division between themselves.

In this case there was an agreement as to the adjustment of the indebtedness and a division of the resources. The question was as to what that agreement related and, in determining that question, the jury were entitled to take into consideration, as we have already shown, the testimony on both sides relating to the subjects of division, as embraced in the written agreement, and to determine its sufficiency under the rule as satisfactorily explained by the court in the charge.

It is quite clear to us that the Act of July 15, 1897, P. L. 271 which provides a more just and equitable method of distributing the school appropriation to common schools and specifies the duties of officers in connection therewith, was intended to provide the basis upon which the school department was to make distribution of the state appropriation among the several school districts of the commonwealth. It did not relate to a division of funds between the school district of a township and a new district created by the erection of a borough out of a portion of the territory of the said township, as in this case.

There was some evidence of the ratio which was to govern in the distribution of the property and resources of the township between the old township and the new district created by the erection of the borough and, in view of that, we can see no error in the submission to the jury of the question as to the relative proportion of the state appropriation belonging to each.

Upon a careful consideration of the whole case, we can see no good ground for reversal. The assignments of error are all overruled.

Judgment affirmed.