# Kerns *v.* Ripka, Appellant.

*Negligence—Damages—Future loss of earning power—Charge of court—Harmless error.*

In action of trespass for negligence, it is the duty of the court of its own motion to instruct the jury as to the proper measure of damages. Failure to charge as to the present worth of future earnings, and how they can be arrived at should not be treated as an inadequacy of charge, but as an erroneous charge.

But to justify a reversal of a judgment after a trial, it must be made apparent from the record, not only that an error has been committed, but that it materially injured the rights of the party complaining.

Where the evidence established that the plaintiff's expenses resulting from his injury amounted to more than $200, and that his loss of earnings up to the time of the trial amounted to more than $2,200, and that the verdict was in the sum of $1,700, the defendant was not injured by any failure to charge as to the present worth of future earnings, and the verdict will be sustained.

Argued November 20, 1924. Appeal, No. 235, Oct. T., 1924, by defendant, from judgment of C. P. Delaware Co., March T., 1923, No. 858, on verdict for plaintiff in case of Arthur J. F. Kerns v. Charles E. Ripka. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before BARNETT, P. J., 41st Judicial District, specially presiding.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $1,700, and judgment thereon. Defendant appealed.

*Error assigned* was the charge of the court.

*John E. McDonough,* and with him *George Green, Jr.,* for appellant.

*Albert Dutton MacDade,* for appellee.

OPINION BY GAWTHROP, J., February 27, 1925:

The plaintiff has judgment on a verdict rendered in a suit in trespass for negligence resulting in injuries to his person.  The defendant files but one assignment of error, and by it complains of the following portion of the charge: "You will inquire further whether from any evidence in the case you ascertain that the plaintiff's earning capacity is likely to be for any period in the future reduced below what it normally and properly was before the accident.  And also whether he is likely to undergo any suffering, any continuation or repetition of the pain and suffering which he says he has experienced in the past from this time on.  And in view of such findings as you may make in these several respects you will, if you find it necessary and proper award him further sums in just and reasonable compensation and no more."

All that was said by the learned court about future loss of earnings is embraced within this assignment.  It is urged that there was no proof of permanent injury and that this instruction was inadequate and erroneous upon the question of the plaintiff's right to recover for future loss of earning power and future pain and suffering.  We said in Gerber v. Philadelphia, 60 Pa. Superior Ct. 119, 126: "It has been definitely decided that the failure to charge as to the present worth of future earnings and how they can be arrived at should not be treated as an inadequacy of charge, but as an erroneous charge.  The authorities with respect to inadequacy of charge on the question of the measure of damages, where the verdict is reasonable and moderate, did not control, where the court failed to specifically charge on this essential element in connection with the measure of damages.  As stated in Wilkinson v. N. E. Borough, 215 Pa. 486, 'under such circumstances, it is not a question of inadequacy, but of error.  In every case of negligence it is the duty of the court of its own

motion to instruct the jury as to the proper measure of damages.'" The instruction in the present case left the jury entirely without a guide in performing its duty in relation to future loss of earnings. This was error. (Windle v. Davis, Director General, 275 Pa. 23.)

But, as stated by Chief Justice LEWIS in Allegheny v. Nelson, 25 Pa. 332, "to justify a reversal of a judgment, after a trial, it must be made apparent from the record, not only that an error has been committed, but that it materially injured the rights of the party complaining." This doctrine is supported in Trust Co. v. Motheral, 8 Pa. Superior Ct. 433; Wills v. Hardcastle, 19 Pa. Superior Ct. 525; Cox v. Wilson, 25 Pa. Superior Ct. 635; Trego v. Pierce, 119 Pa. 139; and Indian v. D., L. & W. R. R. Co., 262 Pa. 117. There is evidence in the case that the plaintiff's expenses resulting from his injury amounted to more than $200 and that his loss of earnings up to the time of trial amounted to more than $2,200. The verdict was for $1,700. Manifestly no allowance was made by the jury either for pain or suffering or loss of future earnings. Therefore, we do not see how the error complained of did the defendant any harm. We do not reverse unless some substantial injury probably resulted from the error committed. We are clearly of the opinion that we ought not to disturb the judgment.

The judgment is affirmed.