Commonwealth *v.* Barnette, Appellant.

Submitted March 17, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Eugene J. Ianuzzi,* for appellant.

*Edward S. Newlin,* Assistant District Attorney, and *Amos C. Davis,* District Attorney, for Commonwealth, appellee.

OPINION BY CERCONE, J., June 24, 1975:

Appellant was convicted by a jury of rape, assault and battery, and assault and battery with intent to ravish. Post-verdict motions were argued and denied and appellant was sentenced. Appellant now contends that it was reversible error for the trial court to permit reference at trial to a series of photographs that were shown to the victim for the purpose of identification of her assailant, on the ground that the jury could have inferred from the reference to photographs that appellant had engaged in prior criminal activity. Appellant bases his claim on *Commonwealth v. Allen,* 448 Pa. 177, 181 (1972), which held "that after the reference to a photograph the controlling question is whether or not a juror could reasonably infer from the facts presented that the accused had engaged in prior criminal activity." It has been clearly held that when photographs are referred to as "mug shots" or "photographs from police files" an adverse inference by the jury is probable and reversal is therefore necessary. See *Commonwealth v. Turner,* 454 Pa. 439 (1973) ; *Commonwealth v. Groce,* 452 Pa. 15 (1973) ; *Commonwealth v. Allen,* supra; and *Commonwealth v. DeMarco,* 225 Pa. Superior Ct. 130 (1973). On the other hand, there have also been a number of cases in which it was held that the circumstances were such that there was no danger that the jury would reasonably conclude that the appellant had engaged in prior criminal activity on the basis of reference to the photographs and therefore reversal was not necessary. See *Commonwealth v. Craft,* 455 Pa. 616 (1974) ; *Commonwealth v. Smith,* 454

Pa. 515 (1973) ; and *Commonwealth v. McGonigle,* 228 Pa. Superior Ct. 345 (1974). At first blush it would appear that the instant case falls into the group of cases which require reversal because in this case a detective stated that the photographs were obtained from their police "record identification" files. This statement is equivalent to statements such as "mug shots" and "photographs from police files" and therefore would appear to necessitate reversal. However there is a third group of cases which stem from *Allen,* supra, in which the jury could possibly infer from references to identification made through the use of photographs that a defendant had a prior criminal record and yet reversal would still not be necessary. The reason being that in this group of cases counsel for the defendant either failed to make timely objections and motions during the course of trial as to references to photographs, or he himself brought out the prejudicial information during cross-examination of a Commonwealth witness in an attempt to discredit the identification testimony. See *Commonwealth v. Clark,* 454 Pa. 329 (1973) ; *Commonwealth v. Lockhart,* 227 Pa. Superior Ct. 503 (1974) ; and *Commonwealth v. Harding,* 225 Pa. Superior Ct. 84 (1973). The instant case clearly falls into this third group of cases because it was the defense counsel's cross-examination of a police detective which elicited the source of the photographs. Furthermore defense counsel failed to object, or raise this issue in any way, until post-verdict motions, after the jury had returned a verdict of guilty. "A party may not remain silent and take chances on a verdict and afterwards complain of matters which, if erroneous, the Court would have corrected." *Commonwealth v. Gockley,* 411 Pa. 437, 455 (1963) [Citations omitted]. See also *Commonwealth v. Fell,* 453 Pa. 531, 538 (1973).

Order affirmed.