369 A.2d 314

**COMMONWEALTH of Pennsylvania**

v.

**Robert GIBSON, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 13, 1976.

Decided Nov. 22, 1976.

104

Chester A. Reybitz, Public Defender, Bethlehem, for appellant.

Nicholas M. Zanakos, First Assistant District Attorney, Bethlehem, and John E. Gallagher, District Attorney, Easton, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

JACOBS, Judge:

Appellant was charged with armed robbery [1] of several patrons of a bar located in the Lancer Hotel, in Wilson Borough, Northampton County. A jury trial in Febru-

1. Act of December 6, 1972, P.L. 1482, No. 334, § 1, 18 Pa.C.S. § 3701 (1973).

ary 1975 resulted in a guilty verdict. Post-trial motions were filed and thereafter denied, and on March 15, 1976, appellant was sentenced to a prison term of ten to twenty years. This appeal followed.

Appellant first argues that the trial court erred in refusing appellant's request for a point for charge which would have permitted the jury to draw an unfavorable inference against the Commonwealth for failure to call one of the witnesses listed on the indictment.[2] We conclude that the trial judge properly refused to so charge.

During the trial, five Commonwealth witnesses, all of whom were patrons of the bar at the time of the robbery, identified appellant as the robber. Prior to resting his case, the prosecuting attorney called to the court's attention the fact that one of the witnesses listed in the indictment, Emma Smith, had not been called to the stand by the Commonwealth, inasmuch as she was ill and had been advised by her physician to stay home in bed. The prosecutor indicated that he would not rest his case at that time if defense counsel intended to comment on the failure of the Commonwealth to call Mrs. Smith to testify. In any event, counsel did rest the prosecution's case, and appellant, at the close of the trial, requested the "missing witness" charge.

The criteria for determining when an inference can properly be drawn from the failure of a party to call a witness are well-settled. " 'Where evidence which would properly be part of a case is within the control of the party whose interest it would naturally be to produce it, and, *without satisfactory explanation he fails to do so,*

---

2. Appellant sought to have the following point for charge included in the trial court's instructions to the jury:
   "10. Where evidence which would properly be part of a case is within the control of the party whose interest it would naturally be to produce it, and, without satisfactory explanation he fails to do so, the jury may draw an inference that it would be unfavorable to him. *Wills vs. Hardcastle,* 19 Pa.Super. 525; *Peters vs. Shear,* 351 Pa. 521. [41 A.2d 556]"

the jury may draw an inference that it would be unfavorable to him.' *Wills v. Hardcastle,* 19 Pa.Super. 525, 529 (1902); *Green v. Brooks,* 215 Pa. 492, 496, 64 A. 672 (1906); *Haas v. Kasnot,* 371 Pa. 580, 584, 585, 92 A.2d 171 (1952). The person not produced must be within the power of the party to produce. II Wigmore on Evidence, § 286." *Commonwealth v. Trignani,* 185 Pa.Super. 332, 340, 138 A.2d 215, 219, *aff'd,* 393 Pa. 140, 142 A.2d 160 (1958) (emphasis added). In addition, our Supreme Court has held that the "missing witness" inference is not proper if the testimony of the witness would have been merely cumulative. *Commonwealth v. Jones,* 455 Pa. 488, 317 A.2d 233 (1974).

▇▇ Even if we were to assume, *arguendo,* that Mrs. Smith was available only to the Commonwealth, the remaining factors which would give rise to the "missing witness" inference are clearly not present. In order for the inference to arise, failure to call a witness must be *unexplained. Commonwealth v. Trignani,* supra. We believe that the Commonwealth satisfactorily explained Emma Smith's absence, despite appellant's argument that the status of Mrs. Smith's health was not sufficiently established, and the identity of her attending physician not disclosed. Additionally, since five eyewitnesses identified appellant it is highly unlikely that the testimony of Emma Smith, also an eyewitness, could have added anything of particular significance to the case, and therefore would have been cumulative.

Finally, the prosecutor's comments clearly indicate that he was willing to call Emma Smith to testify as soon as she was physically able to appear, but unless the court or appellant deemed it necessary, there seemed little to be gained by interruption of the trial until such time as Mrs. Smith could testify.

Clearly there is no logical support for a "missing witness" inference in this case. Therefore, we affirm the lower court's refusal to give the requested charge.

■ Appellant cites, as an additional basis for relief, the trial court's refusal to declare a mistrial when it was discovered that a sequestration order, issued at the request of appellant, had been violated. We see no error in the ruling of the trial judge.

After several Commonwealth witnesses had testified, Miss Elizabeth Barr, who was yet to take the stand, was observed conversing with other Commonwealth witnesses in a hallway outside the courtroom. This fact was brought to the attention of the court, and appellant's counsel moved for a mistrial. The trial court refused to grant the motion, and the remaining prosecution witnesses, including Miss Barr, were permitted to testify.

Speaking on the matter of a sequestration order which had been disobeyed, the Supreme Court recently stated: "The selection of a remedy for the violation of a sequestration order is within the sound discretion of the trial court. See *Commonwealth v. Martin*, 440 Pa. 150, 153, 269 A.2d 722, 723 (1970); *Commonwealth v. Turner*, 389 Pa. 239, 264, 133 A.2d 187, 199 (1957). In exercising its discretion, the trial court should consider the *seriousness of the violation,* its *impact on the testimony* of the witness, and its probable *impact on the outcome of the trial.* We will disturb the trial court's exercise of its discretion only if there is no reasonable ground for the action taken." *Commonwealth v. Smith*, 464 Pa. 314, 320, 346 A. 2d 757, 760 (1975) (emphasis added).

In addition, we have stated that the trial judge should consider whether or not the witness intentionally violated the sequestration order for the purpose of determining what the other witnesses had testified to, and whether or not the party calling the witness had caused the order to be disobeyed. *Commonwealth v. Smith*, 227 Pa. Super. 355, 324 A.2d 483, *allocatur refused*, 227 Pa.Super. xxv (1974).

The trial judge questioned Miss Barr concerning her conversation with the other witnesses, and she stated un-

der oath that they were merely commenting to one another how nervous they were about testifying, and that they did not discuss the testimony of anyone. There is no indication that this was anything more than an inadvertent violation of the sequestration order by witnesses who were unaware of the problems that could be caused by their casual conversation.

After examining the circumstances surrounding the violation of the sequestration order, we do not find that the trial judge acted unreasonably or that he abused his discretion in refusing to declare a mistrial.

Judgment of sentence affirmed.