393 A.2d 929

**COMMONWEALTH of Pennsylvania**

v.

**Deborah Ann TAYLOR, Appellant.**

Superior Court of Pennsylvania.

Argued March 21, 1978.

Decided Oct. 27, 1978.

Daniel W. Shoemaker, York, for appellant.

J. Kenneff, Assistant District Attorney, with him D. Richard Eckman, District Attorney, Lancaster, for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT and HESTER, JJ.

CERCONE, Judge:

On April 23, 1976, appellant Deborah Ann Tyler, was arrested and charged with unlawful delivery of a controlled substance. It was alleged that appellant sold an ounce of heroin to an undercover agent of the Pennsylvania Department of Justice on the evening of February 13, 1976. Later in the day, on April 23, 1976, appellant was also charged with making terroristic threats. This latter charge stemmed from an incident at the City of Lancaster Police Station on the day of appellant's arrest. Appellant was said to have made threatening remarks towards the undercover agent who participated in appellant's arrest.

At trial, the undercover agent testified that he and an informer went to appellant's apartment on February 13, 1976. According to the agent's testimony, his informant had previously contacted appellant and made the arrangements for the sale. During the actual transaction, the undercover agent stood in the doorway between the kitchen and the dining room of appellant's apartment and watched her mix a quantity of white powder, putting the powder into a small plastic bag and weighing the bag on a postal scale provided by the agent. While appellant was doing this, the confidential informant, said to be a man named Henry Rauser, took some of the white powder, heated it, mixed it with water and injected it into his arms. After a moment, Rauser nodded to the agent, indicating that the powder was truly heroin. Appellant then gave the bag of powder to the agent in exchange for $2,000.00. The white powder was later tested by the Commonwealth and found to contain heroin.

After a jury trial, appellant was acquitted on the terroristic threat charge but convicted on the heroin charge. Appel-

lant advances many reasons why her conviction should be reversed. We have considered her arguments and find them to be without merit. For the reasons set forth below, we affirm.

■■ In her first argument appellant asserts that the trial court erred by not ordering the Commonwealth to disclose to the defense before trial the name and address of the Commonwealth's informant as requested by appellant in pre-trial motions. We find that the lower court committed no error in its disposition of this motion.

At the time of appellant's trial, Pa.R.Crim.P. 310 set forth the rule for pre-trial discovery and inspection. Rule 310 read in relevant part:

"All applications of a defendant for pretrial discovery and inspection shall be made not less than five days prior to the scheduled date of trial. The court may order the attorney for the Commonwealth to permit the defendant or his attorney, and such persons as are necessary to assist him, to inspect and copy or photograph any written confessions and written statements made by the defendant. No other discovery or inspection shall be ordered except upon proof by the defendant, after hearing, of exceptional circumstances and compelling reasons."

When an accused makes a motion to have an informant's identity disclosed, the mere allegation that this information would be "helpful" is not sufficient to compel disclosure of an informant's identity. *Commonwealth v. Bradshaw,* 238 Pa.Super. 22, 364 A.2d 702 (1975). Appellant in this case did not list any particular compelling reason in her motion for requesting the name and address of the police informant. On this point, the Supreme Court has said that an accused's pre-trial motion is properly denied where "appellant's application failed to set out any showing of exceptional circumstances required by Rule 310 of the Pennsylvania Rules of Criminal Procedure . . . ." *Commonwealth v. Scott,* 469 Pa. 258, 365 A.2d 140 (1976). See also *Commonwealth v. Brown,* 462 Pa. 578, 342 A.2d 84 (1975). Because appellant failed to give the trial court a specific reason for requesting

the name and address of the informant, a reason which would indicate that appellant's case involved exceptional circumstances which justified the release of this information, the lower court acted within the parameters of Rule 310 in denying appellant's motion for disclosure of the informant's identity.

◼ Appellant next argues that the trial court erred by denying appellant's pre-trial motions for discovery and for a change of venue *without a hearing*.[1] Appellant contends that the lower court was required to give appellant a hearing "[r]egardless of the merits of [appellant's] position in its [sic] pre-trial applications," so that appellant might have an opportunity to establish the merits of her pre-trial motions.

◼ As set forth above, Pa.R.Crim.P. 310 specifies that an accused has no right to pre-trial inspection and disclosure of the Commonwealth's evidence, other than defendant's confession or admissions except where exceptional circumstances and compelling reasons indicate that a different rule should be followed in a particular case. *Commonwealth v. Turra*, 442 Pa. 192, 275 A.2d 96 (1971); *Lewis v. Court of Common Pleas of Lebanon County*, 436 Pa. 296, 260 A.2d 184 (1969); *Commonwealth v. Jones*, 245 Pa.Super. 487, 369 A.2d 733 (1977). The Supreme Court, interpreting and applying Rule 310, decided that Rule 310 "does not purport to grant defendant a hearing as of right in which to prove 'exceptional circumstances and compelling reasons.' In order to be entitled to a hearing, he must at least allege *circumstances and reasons* which, if established, would be exceptional and compelling." *Commonwealth v. Ware*, 459 Pa. 334, 368–369, 329 A.2d 258, 275–276 (1974). Because appellant failed to assert any specific reasons in her pre-trial motion for discovery, the trial court committed no error by summarily dismissing this motion.

1. The disposition of motions for a change of venue, like motions for pretrial discovery, are within the sound discretion of the trial court, whose decision will be reversed on appeal only for an abuse of discretion or an error of law. *Commonwealth v. Stoltzfus*, 462 Pa. 43, 337 A.2d 873 (1975); *Commonwealth v. Szulczewski*, 233 Pa.Super. 389, 335 A.2d 810 (1975).

■ We do not, however, reach the merits of appellant's argument regarding his motion for a change of venue because we find that if any error was committed by the lower court in summarily denying this motion, it was harmless. Appellant requested a change of venue[2] because she claimed that "extensive and adverse publicity" surrounded this case. The Commonwealth answered by disclaiming the existence of such publicity. Appellant argues that the lower court was bound, under Pa.R.Crim.P. 313, to conduct a hearing. However, even assuming that the trial court should have conducted a hearing, the alleged error here was harmless. "Error in granting or denying a change of venue, if not prejudicial to the complaining party, is not ground for reversal." 5A C.J.S. Appeal and Error § 1697 (1958). Appellant's express concern was that extensive adverse publicity would preclude appellant from getting a fair trial. If prospective jurors were influenced by this adverse publicity, then they might be prejudiced against appellant. However, during the voir dire, appellant asked each prospective juror if he or she had read or heard any adverse publicity concerning appellant's case. All the jurors replied that they couldn't recall any such publicity. Since appellant's concern was that adverse publicity would affect the verdict returned at trial, the fact that none of the jurors selected could recall media accounts of appellant's case shows that the jurors selected were not influenced by the adverse publicity about which appellant was concerned. Therefore, this argument of appellant's is rejected.

■ Appellant also contends that the lower court committed reversible error by denying appellant's application to sever the trial of the terroristic threat charge from the drug charge. The question of consolidation versus separation of

2. At the time of appellant's trial, Pa. Rule of Criminal Procedure 313 read:

"All applications for a change of venue shall be made to the court of the county in which the complaint was filed. Such application may be made on behalf of the defendant or the Commonwealth, or venue may be changed by the court, of its own motion, when it is determined after hearing that a fair and impartial trial cannot be had in the county in which the complaint was filed."

indictments is for the trial judge to decide; on appeal, his decision will not be reversed absent a clear abuse of discretion. *Commonwealth v. Lasch,* 464 Pa. 573, 347 A.2d 690 (1975); *Commonwealth v. Shriner,* 232 Pa.Super. 306, 332 A.2d 501 (1974). The denial of a motion for severance is not an abuse of discretion if the facts and elements of the two crimes are easily separable in the minds of the jurors and if the crimes are such that the fact of commission of each crime would be admissible as evidence in a separate trial for the other. *Commonwealth v. Terrell,* 234 Pa.Super. 325, 339 A.2d 112 (1975); *Commonwealth v. Irons,* 230 Pa.Super. 56, 326 A.2d 488 (1974).

In appellant's case, the trial judge did not abuse his discretion, because the two charged offenses are easily separable from one another and their elements would not likely be confused by the jury. Furthermore, evidence of appellant's arrest on the drug charge would have been admissible in a separate trial for terroristic threats as evidence of appellant's motive for making the threats. Conversely, evidence of the terroristic threats would have been admissible in a separate trial on the drug charge because it was a crime committed in an attempt to conceal the commission of the drug offense. *Commonwealth v. Lasch,* supra; *Commonwealth v. Irons,* 230 Pa.Super. 56, 326 A.2d 488 (1974).

 Next, appellant argues that she was unduly prejudiced by the introduction at trial of the results of a field test which was conducted on the substance appellant allegedly sold to the undercover agent. Appellant says that she tried to ascertain at preliminary hearing whether a field test had been conducted on the substance purchased by the agent. Appellant claims that her inquiry led to firm denials by certain police agents, but that at trial, the results of such a test were introduced. We do not reach the merits of this issue. When the results of the field test were introduced at trial, appellant evidenced no surprise nor raised any objections. It is the rule in this jurisdiction that allegations of error not timely raised at trial may not be argued for the first time on appeal. *Commonwealth v. Pritchitt,* 468 Pa. 10,

359 A.2d 786 (1976); *Commonwealth v. Clair,* 458 Pa. 418, 326 A.2d 272 (1974); *Commonwealth v. Keysock,* 236 Pa.Super. 474, 345 A.2d 767 (1975); *Commonwealth v. Barnette,* 235 Pa.Super. 62, 340 A.2d 548 (1975). Furthermore, if an official record was made during the preliminary hearing it was not made available to this court. Without a record to substantiate appellant's allegation, we will not rule on the merits of this question.

 Appellant next argues that the lower court erred because it refused appellant's request for the jury to be instructed they could infer that the missing informant's testimony could be unfavorable to the Commonwealth, citing *Commonwealth v. Jones,* 455 Pa. 488, 317 A.2d 233 (1974); *Commonwealth v. Bird,* 240 Pa.Super. 587, 361 A.2d 737 (1976). Appellant's argument is unsound.

Regarding the missing witness instruction, this court has said:

"Failure to call an eyewitness entitles a defendant to a charge permitting the inference that that witness's testimony would have been unfavorable to the Commonwealth, unless the Commonwealth adequately explains its inability to produce the witness, *Commonwealth v. Jones,* 452 Pa. 569, 581, 308 A.2d 598, 606 (1973), or establishes other reasons why the witness need not or should not be called. *Commonwealth v. Smith,* 227 Pa.Super. 355, 324 A.2d 483 (1974)." *Commonwealth v. Paull,* 250 Pa.Super. 416, 378 A.2d 1006, 1007 (1977).

The missing witness instruction however is not mandated in every case in which a party neglects to call a potential witness. Such an instruction is not necessary if the witness is available to both parties, i. e., the witness is not peculiarly within the control of one party. See, *Commonwealth v. Jones,* 455 Pa. 488, 317 A.2d 233 (1974); *Commonwealth v. Moore,* 453 Pa. 302, 309 A.2d 569 (1973); *Commonwealth v. Easley,* 245 Pa.Super. 41, 369 A.2d 283 (1976); *Commonwealth v. Gibson,* 245 Pa.Super. 103, 369 A.2d 314 (1976); *Commonwealth v. Whyatt,* 235 Pa.Super. 211, 340 A.2d 871 (1975); *Commonwealth v. Fredericks,* 235 Pa.Super. 78, 340

A.2d 498 (1975); *Commonwealth v. Vorhauer,* 232 Pa.Super. 84, 331 A.2d 815 (1974). This is particularly true when it appears that the missing witness' testimony is as likely to be favorable to one party as the other. McCormick, Evidence § 272 (2nd ed. E. Cleary 1972). In the instant case, appellant testified that she had seen Henry Rauser socially at her mother's house a few weeks prior to her dealings with the undercover agent. Appellant further testified that she first met Rauser when he "had come to us" trying to sell marijuana. (According to appellant, Rauser was both a seller and a user of drugs.) Appellant claims that she and Rauser had together planned to sell Rauser's customer (the undercover agent) milk sugar instead and attempt to pass it off as heroin. Rauser, therefore, was not a complete stranger to appellant.

Furthermore, at the conclusion of the first day of appellant's trial, defense counsel asked the court to direct the Commonwealth to produce the confidential informant. When trial reconvened the next day, the prosecuting attorney explained that it did not know the whereabouts of Rauser and that they had not known for some time. Therefore the missing witness instruction was not mandated, since the Commonwealth did not have control of the witness.

Lastly, appellant argues that the trial court erred by not taking remedial action when its sequestration of witnesses order was violated. When a trial court's sequestration order is violated, it is within the sound discretion of the trial judge to select a remedy. *Commonwealth v. Smith,* 464 Pa. 314, 346 A.2d 757 (1975); *Commonwealth v. Smith,* 227 Pa.Super. 355, 324 A.2d 483 (1974). See *Commonwealth v. Martin,* 440 Pa. 150, 269 A.2d 722 (1970); *Commonwealth v. Powell,* 429 Pa. 1, 239 A.2d 368 (1968); *Commonwealth v. Gibson,* 245 Pa.Super. 103, 369 A.2d 314 (1976).

The Supreme Court of Pennsylvania has said that, in exercising its discretion, "the trial court should consider the seriousness of the violation, its impact on the testimony of the witness, and its probable impact on the outcome of the

trial." *Commonwealth v. Smith,* 464 Pa. at 321, 346 A.2d at 760. This court has noted other facts which the trial court should weigh, such as "whether the witness actually heard others testify; whether the witness intentionally disobeyed the order so that he might hear others testify; whether the party calling the witness procured his disobedience, and whether the testimony heard was related to the witness's expected testimony in such a way that he could have been influenced by a gained knowledge from it." (Citations omitted.) *Commonwealth v. Smith,* 227 Pa.Super. at 372, 324 A.2d at 492.

Appellant claims that there were two violations of the lower court's order. The first alleged violation was said to have occurred when two of the Commonwealth's witnesses had lunched together along with the prosecuting attorney and another police agent, who did not testify. When this fact came out at trial, appellant's counsel moved for the withdrawal of a juror. The trial court properly interpreted this as a motion for a mistrial and denied it because both witnesses testified about a different aspect of the case.

The second alleged violation arose because of a conversation between a police officer and a defense witness, occurring outside the courtroom. When the second alleged violation occurred, the court conducted an in camera hearing during which the Commonwealth's witness completely denied threatening a defense witness with a perjury prosecution. In any event, the defense witness testified that her testimony was in no way affected by the alleged acts of threat by prosecution. We find that the trial court properly exercised its discretion.[4]

Therefore, for the foregoing reasons, we affirm appellant's conviction.

Judgment affirmed.

[4] Whether these alleged violations should have been brought to the attention of the jury is not an issue before this court at this time. We nevertheless note in passing that such an argument must first be raised at the trial level. *Commonwealth v. Smith,* 227 Pa.Super. at 373, 324 A.2d 483.

JACOBS, President Judge, and HOFFMAN and SPAETH, JJ., did not participate in the consideration or decision of this case.