514 A.2d 623

**COMMONWEALTH of Pennsylvania**

v.

**Tyrone BOYD, Appellant.**

Superior Court of Pennsylvania.

Argued June 24, 1986.

Filed Sept. 5, 1986.

Andrew J. Jackson, Philadelphia, for appellant.

Hugh J. Burns, Jr., Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before MONTEMURO, JOHNSON and CERCONE, JJ.

CERCONE, Judge:

Appellant, Tyrone Boyd, was convicted in a jury trial of robbery, conspiracy and burglary for his role in an incident on December 22, 1982, in which he and two others brutally beat and robbed a 94 year old woman as she sat in her living room. Appellant advanced an alibi defense at trial.

At trial the appellant presented the testimony of Carl Lee to establish his alibi defense. Lee testified that around the time that the crimes in question occurred he saw the appellant at the local pizza parlor in the company of a young woman. On cross-examination the witness identified the girl as "Saskie," and he acknowledged that she was outside the courtroom. Then, after a break at the conclusion of Lee's testimony, appellant's counsel requested an in-chambers conference with the trial judge. He then advised the court and the prosecutor that his second alibi witness, Saskie Jones, had decided not to testify, either out of fear or an inability to remember events in question. When both the Commonwealth and defense counsel tried to find Jones in the hallway outside the courtroom, she had already left. Neither side pursued her further. Moreover, trial counsel stated that even if she had remained, he would not have presented her as a witness for appellant.

In his direct appeal from judgment of sentence, appellant alleged, *inter alia*, that his trial counsel was ineffective for failing to enforce a subpoena issued to Saskie Jones to compel her testimony, or, alternatively, for failing to object

to the missing witness charge, which the Commonwealth had requested subsequent to the in-chambers conference regarding Saskie Jones' departure.[1]

By a Memorandum Opinion, at No. 02883 Philadelphia, 1983, this court remanded the case to the trial court for an evidentiary hearing on appellant's ineffectiveness claims because it concluded that there may be arguable merit to them. This court considered the record as inadequate to resolve whether the course chosen by trial counsel in not compelling Saskie Jones to appear on appellant's behalf nor in failing to object to the missing witness charge had some reasonable basis designed to effectuate appellant's interest. *Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977).

Prior counsel testified at the evidentiary hearing that he had encountered difficulties in finding Jones, but that on the day before she was to testify, he went to her residence to get her. He took her to court and she was prepared to testify. Then, after Carl Lee's testimony for appellant, she expressed her unwillingness to be a witness because she was unsure as to the actual date that she had been with appellant in the pizza parlor. Trial counsel, according to his testimony at the evidentiary hearing, immediately concluded that her testimony would be counterproductive to the alibi defense.

Moreover, it was revealed at the evidentiary hearing over appellant's objection that the Commonwealth was prepared to offer strong impeachment evidence against Carl Lee to the effect that if Jones did testify on appellant's behalf, a witness would be called to prove that Lee had threatened Jones if she did not support the alibi in her testimony. In light of this information, it was not ineffec-

---

1. That portion of the charge read:
   There was some talk about Saskie who was a girl who was allegedly with the defendant at Mimmo's Pizza. And she did not appear. There is a rule in the law that if a witness should be here to testify, you may, if you wish, and there is no explanation for their absence—you may, if you wish, infer that the witness would not have testified favorably for the side that should have called her.

tive for counsel to let Jones go and to rest his defense on Carl Lee's testimony alone. At best, Jones' testimony would have been equivocal; at worst, it would have given rise to the impeachment of Lee.

However, the issue regarding counsel's failure to object at trial to the missing witness charge is more troublesome. From the hearing testimony, it is clear that trial counsel did object in chambers to such a charge. However, no objection was lodged at trial either prior to or after the charge was given. Thus, unless the charge was proper as given and unless the Commonwealth was entitled to the benefit of the negative inference against appellant, counsel would necessarily be ineffective for failing to object to the charge at trial. *Commonwealth v. Rineer*, 310 Pa.Super. 241, 456 A.2d 591 (1983).

Generally,

> [W]hen a potential witness is available to only one of the parties to a trial, and it appears this witness has special information material to the issue, and this person's testimony would not be merely cumulative, then if such party does not produce the testimony of this witness, the jury may draw an inference it would have been unfavorable. (citations omitted.)

*Commonwealth v. Moore*, 453 Pa. 302, 305, 309 A.2d 569, 570 (1973).

In other words, where an uncalled witness is equally available to both parties, this constitutes an exception to the missing witness rule and it would be improper to instruct in accordance therewith where such is the case. *Commonwealth v. Gray*, 441 Pa. 91, 271 A.2d 486 (1970).

Trial counsel for appellant stated at the evidentiary hearing that he had given Saskie Jones' name to the Assistant District Attorney prior to trial as a potential alibi witness. Counsel also introduced her to the A.D.A. on the first day of the trial and made her available to him for purposes of obtaining a statement from her. A statement was taken from her by a Detective Schofield on that same day, which

was the day before Jones was to testify. The next day, it was on cross-examination of Carl Lee by the assistant district attorney that Jones' presence outside the courtroom was made known to the jury. These circumstances indicate to this court that, indeed, Jones was as available to the Commonwealth as to appellant and that it was error for the court to instruct on the missing witness charge. Thus, this situation does fit one of the exceptions to when the charge should be given when a witness is not called.

The Commonwealth claims that Jones cannot be considered as equally available to it since her equivocation made her an unbelievable or unpredictable witness, rendering her unavailable for purposes of the Commonwealth's case. The Commonwealth refers us to the Disciplinary Rules, § 7–102(A)(4), (A)(6) and to the ABA Standards for Criminal Justice, the Prosecution Function 3–5.6, for the responsibility which is imposed on a lawyer that he or she not knowingly use perjured testimony or false evidence. The Commonwealth asserts that it could not be expected to offer Jones as their witness under any circumstances.

In urging this court to look into the wisdom, or lack thereof, of a decision on the part of the Commonwealth to offer Jones as part of its case, the Commonwealth is impermissibly extending the meaning of "equal availability" for purposes of the missing witness rule. Rather, our inquiry must reside in a determination of whether Jones was "peculiarly within the knowledge and reach" of defense counsel or not. *Commonwealth v. Newmiller*, 487 Pa. 410, 409 A.2d 834 (1979). At the least, the Commonwealth was aware of Jones and had interviewed her. It had the choice of whether it wanted to call her as a witness or not. This situation constitutes availability of the witness to the Commonwealth, which fact should not allow the Commonwealth to benefit from the negative inference inherent in the missing witness instruction.

Therefore, because the missing witness instruction was given in error, counsel is considered to be ineffective

for failing to object properly to the instruction. The prejudice inherent in this failure is apparent in that the instruction went to the heart of appellant's defense; moreover, the witness, Jones, was mentioned by Carl Lee as waiting to testify, which implanted an unfulfilled expectation in the minds of the jury.

For the aforementioned reasons, judgment of sentence is reversed. Case remanded for a new trial. Jurisdiction is relinquished.

JOHNSON, J., files a concurring opinion.

JOHNSON, Judge, concurring:

While I agree with the result reached by the majority, I write separately because of my belief that the missing witness rule does not apply in this case since a satisfactory explanation exists as to why Appellant's trial counsel did not call Saskie Jones as an alibi witness.

The missing witness rule and the rule's several exceptions are capably set forth in *Commonwealth v. Harley,* 275 Pa.Super. 407, 418 A.2d 1354 (1980).

The missing witness rule provides that a negative inference may be drawn from the failure of a party to call a particular witness who was in his control. *Commonwealth v. Gibson,* 245 Pa.Super. 103, 104, 369 A.2d 314, 315 (1976). However, each of the following circumstances represents an exception to that rule:

1. The witness is so hostile or prejudiced against the party expected to call him that there is a small possibility of obtaining unbiased truth;

2. The testimony of such a witness is comparatively unimportant, cumulative, or inferior to that already presented;

3. The uncalled witness is equally available to both parties;

4. There is a satisfactory explanation as to why the party failed to call such a witness;

5. The witness is not available or not within the control of the party against whom the negative inference is desired; and,

6. The testimony of the uncalled witness is not within the scope of the natural interest of the party failing to produce him.

*Id.*, 275 Pa.Super. at 413, 418 A.2d at 1357.

In the instant case Saskie Jones, who had been present outside the courtroom under subpoena earlier in the day, disappeared shortly before Appellant's trial counsel planned to have her testify as an alibi witness. N.T., 7/7/83 at 263–65. Ms. Jones had been waiting outside the courtroom because the trial court had granted the prosecutor's motion for sequestration of witnesses at the start of the trial. N.T., 7/6/83 at 30.

In my view the sudden disappearance without prodding or suggestion by defense counsel, of an alibi-witness, who had been present outside the courtroom under subpoena, provides a satisfactory explanation as to why that witness was not called. I would rely on exception number 4 under *Commonwealth v. Harley, supra* rather than exception number 3 to support a remand for a new trial.