J-S08026-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| DAVID M. HEMPHILL, II | : | |
| | : | |
| Appellant | : | No. 931 MDA 2020 |

Appeal from the Judgment of Sentence Entered June 17, 2020,
in the Court of Common Pleas of Franklin County,
Criminal Division at No(s):  CP-28-CR-0000889-2018.

BEFORE:   STABILE, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:                    **FILED JUNE 25, 2021**

David M. Hemphill, II, appeals from the judgment of sentence entered after a jury convicted him of delivery of crack cocaine.[1]  Upon review, we affirm.

This case arises from the following facts.  On July 13, 2017, Kyle Wright told Detective Brad Kyner, a member of the Franklin County Drug Task Force, that he could help the police by arranging to purchase an eight ball of cocaine, or 3.5 ounces, from Hemphill.  Wright offered to do this to obtain leniency for his girlfriend who had criminal charges pending against her.

The Task Force set up a buy from Hemphill using Wright as a confidential informant.  Trooper Antwjuan Cox drove Wright to a neutral location where

---

[*] Former Justice specially assigned to the Superior Court.

[1] 35 P.S. 780-113(a)(30).

they met other officers including Kyner. Before the buy, Kyner searched Wright and gave him $180.00. Additionally, Wright was wired with audio and video. Cox, in plain clothes, drove Wright to the McDonald's restaurant in Greene Township, Franklin County, Pennsylvania, and parked next to Hemphill's vehicle. Other members of the task force were positioned around the area. Wright went to Hemphill's vehicle, but returned without purchasing any drugs. A few minutes later, Wright went back to Hemphill's car and around to the driver's side. Wright gave Hemphill the money, and Hemphill gave Wright a McDonald's bag. Wright took the bag back to Cox. Inside was an apple pie and 3.9 grams of crack cocaine. Hemphill was arrested and charged.

At the pretrial conference on November 1, 2019, the Commonwealth indicated that it might call its confidential informant, who had not been identified yet, at trial. The trial court directed the Commonwealth to disclose the informant's identity to the defense no later than the time set for jury selection. Two weeks prior to trial, during jury selection, the Commonwealth identified its confidential informant as Wright.

The Commonwealth ultimately did not call Wright to testify at trial. When the Commonwealth rested, Hemphill asked the trial court to give the jury the "Failure to Call Potential Witness" instruction, Pennsylvania Standard Suggested Criminal Jury Instruction § 3.21A, also referred to as the "missing witness" or "adverse inference" instruction. Generally, it provides:

1. There is a question about what weight, if any, you should give the failure of [a party] [the Commonwealth] [the defendant] to call [a person] [*name of person*] as a witness.

2. If [however] three factors are present and there is no satisfactory explanation for a party's failure to call a potential witness, the jury is allowed to draw a common sense inference that [his] [her] testimony would have been unfavorable to that party. The three necessary factors are:

   *First*, the person is available to that party only and not to the other party.

   *Second*, it appears the person has special information material to the issue.

   *Third*, that the person's testimony would not be merely cumulative.

3. Therefore, if you find these three factors present and there is no satisfactory explanation for the [party's] [Commonwealth's] [defendant's] failure to call [a person] [*name of person*] to testify, you may infer, if you choose to do so, that [his] [her] testimony would have been unfavorable to [that party] [the Commonwealth] [the defendant].

Pa.S.S.C.J.I. § 3.21A. Following argument from both parties, the trial court denied Hemphill's request.

The jury convicted Hemphill of delivery of a controlled substance. The trial court sentenced Hemphill to 6 to 12 months of incarceration, followed by 3 years of probation.

Hemphill filed this timely appeal. The trial court and Hemphill complied with Pennsylvania Rule of Appellate Procedure 1925.

In his sole issue on appeal, Hemphill claims that the trial court erred when it denied Hemphill's request that it give the missing witness instruction

to the jury based upon the Commonwealth's failure to call Wright as a witness at trial.  Hemphill's Brief at 8.

When considering the denial of a jury instruction, our standard of review is one of deference: "[A]n appellate court will reverse a court's decision only when it abused its discretion or committed an error of law." **Commonwealth v. Leaner**, 202 A.3d 749, 782–783 (Pa. Super. 2019) (citation omitted)). When a trial court refuses to deliver a specific jury instruction "it is the function of [this] Court to determine whether the record supports the trial court's decision." **Commonwealth v. Buterbaugh**, 91 A.3d 1247, 1257 (Pa. Super. 2014) (*en banc*) (citation omitted).  "The relevant inquiry for this Court . . . is whether such charge was warranted by the evidence in the case." **Commonwealth v. Baker**, 963 A.2d 495, 506 (Pa. Super. 2008).  "[I]t has long been the rule in this Commonwealth that a trial court should not instruct the jury on legal principles which have no application to the facts presented at trial." **Commonwealth v. McCloskey**, 656 A.2d 1369, 1374 (Pa. Super. 1995) (citation omitted).  "The trial court is not required to give every charge that is requested by the parties and its refusal to give a requested charge does not require reversal unless the Appellant was prejudiced by that refusal." **Commonwealth v. Sandusky**, 77 A.3d 663, 667 (Pa. Super. 2013).

A missing witness instruction may be given in limited circumstances. "'When a potential witness is available to only one of the parties to a trial, [] it appears this witness has special information material to the issue, and this person's testimony would not merely be cumulative, then if such party does

not produce the testimony of this witness, the jury may draw an inference that it would have been unfavorable.'" ***Commonwealth v. Miller***, 172 A.3d 632, 645–646 (Pa. Super. 2017) (quoting ***Commonwealth v. Boyle***, 733 A.2d 633, 638 (Pa. Super. 1999) (citation and quotation omitted)).  However, this Court has clarified at least six circumstances where a party is not entitled to the missing witness adverse inference instruction:

> 1. The witness is so hostile or prejudiced against the party expected to call him that there is a small possibility of obtaining unbiased truth;
>
> 2. The testimony of such a witness is comparatively unimportant, cumulative, or inferior to that already presented;
>
> 3. ***The uncalled witness is equally available to both parties***;
>
> 4. There is a satisfactory explanation as to why the party failed to call such a witness;
>
> 5. The witness is not available or not within the control of the party against whom the negative inference is desired; and
>
> 6. The testimony of the uncalled witness is not within the scope of the natural interest of the party failing to produce him.

***Miller***, 172 A.3d at 645–646 (internal citations and quotations omitted) (emphasis added).  In order to determine whether a witness was "available" to a party, the trial court must ascertain whether the witness was "peculiarly within the knowledge and reach" of one party.  ***Commonwealth v. Boyd***, 514 A.2d 623, 625 (Pa. Super. 1986).

Here, the trial court agreed that Hemphill satisfied the second and third factors, *i.e.*, whether Wright had special information to a material issue and whether his testimony would not be merely cumulative.  However, the trial

court found that Hemphill did not satisfy the third factor, *i.e.*, whether Wright

was only available to the Commonwealth. The trial court explained:

> [T]here were no facts of record available to the jury to make a determination as to whether or not the Commonwealth's confidential informant, Kyle Wright[,] was available to the Commonwealth only. [Hemphill's] counsel acknowledged that he made no effort to contact [Wright] between the time he was made aware of his name as of jury selection, 14 days before the trial day. The trial court respectfully suggests that to provide the charge and permit the attorney's to argue the issue of availability in closing arguments would have caused the jurors to engage in speculation in the effort to determine the first factor because a review of the record will show there is no evidence relating to which party had control of [Wright]. If the Commonwealth refused to disclose [Wright's] identity, if [Wright] had been contacted by [Hemphill's] counsel and advised him that he was instructed by the Commonwealth not to cooperate or speak, or if the Commonwealth affirmatively represented to [Hemphill's] counsel that they were going to be bringing [Wright] to court to testify and then failed to do so, and those issues could have been explored and placed in the record for the jury to consider, then the court should have granted the request to give the instruction.

Trial Court Opinion, 9/2/20, at 3-4.

Based upon our review of the record, we agree with the trial court that

there was nothing from which the jury could determine whether Wright was

only available to the Commonwealth. Notably, this Court has found that where

the identity of the missing witness was known to both the Commonwealth and

the defense, the availability factor was not satisfied and therefore a missing

witness instruction was not warranted. ***Commonwealth v. Culmer***, 604

A.2d 1090, 1098 (Pa. Super. 1992); ***contra Commonwealth v. Evans*** 664

A.2d 570, 574 (where the Commonwealth failed to disclose the identity of its

confidential informant to the defense, this Court concluded that the witness was "peculiarly within the knowledge and reach" of the Commonwealth, thereby warranting a missing witness instruction).

Here, as the trial court observed, the Commonwealth complied with its directive and identified the confidential informant at jury selection which was two weeks prior to trial. Despite this, Hemphill did not subpoena Wright or request his contact information. Furthermore, defense counsel acknowledged that there was no misrepresentation by the Commonwealth that they intended to have Wright at trial and then did not call him. Therefore, Hemphill was not entitled to the missing witness instruction.

Consequently, we conclude that the trial court did not abuse its discretion or commit an error of law. Hemphill's sole claim on appeal fails.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 06/25/2021