**UNITED STATES of America ex rel. Anthony J. TRIGNANI**

v.

**David N. MYERS, Superintendent State Correctional Institution, Graterford, Pennsylvania.**

Misc. No. 2609.

United States District Court
E. D. Pennsylvania.

Nov. 29, 1963.

Anthony J. Trignani, pro se.

No attorney for David N. Myers.

BODY, District Judge.

Anthony J. Trignani petitioned this Court for a writ of habeas corpus on October 25, 1963. He was convicted of aggravated robbery and of assault and battery with intent to commit murder after a jury trial in the Court of Quarter Sessions, Philadelphia County, No. 95 January Term 1956. The conviction was affirmed on appeal, Commonwealth v. Trignani, 185 Pa.Super. 332, 138 A.2d 215 (1958); affirmed, Per Curiam, 393 Pa. 140, 142 A.2d 160 (1958).

At trial petitioner was represented by eminent counsel. During his charge, the trial judge instructed the jury to disregard what the defense attorney and the district attorney said in regard to the law applying to the identification of witnesses and stated that he would give them the law on this issue. Petitioner urges that this instruction was an intimation that defense counsel had incorrectly stated the law. This, it is claimed, leads to the conclusion that the jury would be prejudiced against petitioner and his attorney. Further, according to Trignani, if the jury was prejudiced against his counsel, he was effectively deprived of counsel in violation of his right to due process under the Fourteenth Amendment.

The argument is an ingenious device to inflate ordinary trial error into constitutional magnitude. In such a case, if federal courts were to even deal with the issue preliminarily the result would be the creation of a super state supreme court outside the jurisdiction of the state. Moreover, there would be only remnants of a sovereign police power left to a state. There is no constitutional question presented under 28 U.S.C. § 2241, and thus there is no jurisdiction in this court. An additional reason why jurisdiction is lacking exists here since it appears that the Commonwealth of Pennsylvania has had no opportunity to pass on the alleged error in the framework of a violation of due process of law.

Petitioner raises other questions relating to the propriety of the sentence and to admission of certain evidence which are without any semblance of merit on a constitutional level.

The petition for allowance to appeal in forma pauperis will be denied since the petition itself is defective on its face and there is no probable cause for appeal.

## ORDER

And now, this twenty-ninth day of November, 1963, in accordance with the foregoing Opinion, it is ordered that the petition of Anthony J. Trignani for a writ of habeas corpus be and the same is hereby denied.

It is further ordered that the petition for allowance of appeal in forma pauperis be and the same is hereby denied.