J-S42018-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MARDEA SHAREE FREEMAN | |
| Appellant | No. 2584 EDA 2014 |

Appeal from the Judgment of Sentence August 5, 2014
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0007735-2013

BEFORE:  SHOGAN, J., MUNDY, J., and FITZGERALD, J.[*]

MEMORANDUM BY MUNDY, J.:                **FILED SEPTEMBER 18, 2015**

Appellant, Mardea Sharee Freeman, appeals from the August 5, 2014 judgment of sentence of six months' probation, imposed after the trial court found her guilty of one count of criminal conspiracy.[1]  After careful review, we affirm.

The trial court summarized the relevant facts of this case as follows.

> [Sheldon] Campbell[, a loss prevention officer,] [] testified that he had been working at the Bensalem Home Depot store [in Bucks County, Pennsylvania,] around 9:45 p.m. [on October 18, 2013] when two African-American females, later identified as Appellant and Dawn Smalley, entered the store pushing a shopping cart.  The store was "pretty much empty" and preparing to close.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 903.

Appellant and Ms. Smalley were not carrying any Home [D]epot merchandise when they entered the store and Appellant was pushing the cart. They proceeded to the paint department where Ms. Smalley selected a gallon can of Behr paint and placed it in the cart. The pair then proceeded side-by-side to the faucet aisle where Ms. Smalley selected two filters and placed them in the cart. With Appellant still pushing the cart, the pair then proceeded to the front of the store to the service desk area.

When Appellant and Ms. Smalley arrived at the desk, Campbell testified that he was standing next to the cashier and Ms. Smalley asked to "return this merchandise" without a return receipt. The cashier informed Ms. Smalley that without a receipt, a driver's license was required to complete the return of the merchandise. Appellant then handed over her license to complete the transaction. Appellant was then issued a return receipt and a card for "a store credit for $132 and some cents" for merchandise "they took off the shelf." After Campbell observed Appellant sign the electronic pad for the receipt, he apprehended Appellant at which point Ms. Smalley "fled the store." Store personnel were able to catch up to [Ms. Smalley] and detain her. Appellant was subsequently turned over to the custody of the Bensalem Township police.

Trial Court Opinion, 8/14/15, at 6-7 (citation omitted).

By criminal information, filed on December 18, 2013, the Commonwealth charged Appellant with one count each of criminal conspiracy and theft by deception.[2] On March 17, 2014, Appellant was admitted into the Bucks County Accelerated Rehabilitative Disposition (ARD)

---

[2] 18 Pa.C.S.A. 3922(a)(1).

program for 12 months. After an arrest on new criminal charges, however, Appellant's participation in the ARD program was revoked on August 5, 2014. Immediately thereafter, Appellant, represented by retained counsel, proceeded to a bench trial on the two charges. At the conclusion of the trial, the trial court found Appellant guilty of criminal conspiracy, but not guilty of theft by deception. That same day, the trial court sentenced Appellant to six months' probation.

On August 27, 2014, Appellant's counsel timely filed a notice of appeal with a letter explaining that he had not been retained to represent Appellant on appeal. Trial counsel, however, did not withdraw his representation, and later failed to comply with the trial court's September 15, 2014 order to file a Pennsylvania Rule of Appellate Procedure 1925(b) statement.[3] As detailed in our July 23, 2015 memorandum, we concluded this was *per se* ineffectiveness. *Commonwealth v. Freeman*, --- A.3d ---, 2584 EDA 2014 (Pa. Super. 2015) (unpublished memorandum at 4). Therefore, we remanded this case under Rule 1925(c)(3) for Appellant to file a Rule

---

[3] On October 14, 2014, the trial court issued a Rule 1925(a) opinion, finding Appellant had waived her appeal based on her failure to file a Rule 1925(b) statement and suggesting that we quash this appeal. Also on that date, Appellant's trial counsel filed with this Court a motion to withdraw as counsel. On November 5, 2014, this Court, *per curiam*, granted counsel's motion to withdraw and directed the trial court to determine Appellant's eligibility for court-appointed counsel within 60 days. Consequently, on November 26, 2014, the trial court held a hearing and appointed the public defender to represent Appellant in this appeal.

1925(b) statement *nunc pro tunc* within 30 days and for the trial court to prepare an opinion 30 days thereafter. On remand, Appellant and the trial court complied with Rule 1925, and the case returns to us for disposition.

On appeal, Appellant presents three issues for our review, which we have reordered for our discussion as follows.

> [1.] Whether the evidence introduced at trial was sufficient to establish that [] Appellant was guilty of criminal conspiracy to theft by deception?
>
> [2.] Whether the Commonwealth's failure to provide [] Appellant with the Home Depot security surveillance video violated her right to due process as guaranteed by the Fourteenth Amendment to the United States Constitution?
>
> [3.] Whether the trial court erred in denying [] Appellant's motion for an adverse inference concerning the non-preserved Home Depot security surveillance video in this case, when Appellant believes that said video contained exculpatory evidence which was critical to [] Appellant's defense?

Appellant's Brief at 5.

In her first issue on appeal, Appellant challenges the sufficiency of the evidence that the Commonwealth presented to convict her of criminal conspiracy to commit theft by deception. Appellant's Brief at 23. Our standard of review for challenges to the sufficiency of the evidence is as follows. "In reviewing the sufficiency of the evidence, we consider whether the evidence presented at trial, and all reasonable inferences drawn therefrom, viewed in a light most favorable to the Commonwealth as the

verdict winner, support the [trial court]'s verdict beyond a reasonable doubt." ***Commonwealth v. Patterson***, 91 A.3d 55, 66 (Pa. 2014) (citation omitted), *cert. denied*, ***Patterson v. Pennsylvania***, 135 S. Ct. 1400 (2015). "The Commonwealth can meet its burden by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances." ***Commonwealth v. Watley***, 81 A.3d 108, 113 (Pa. Super. 2013) (*en banc*) (internal quotation marks and citation omitted), *appeal denied*, 95 A.3d 277 (Pa. 2014). As an appellate court, we must review "the entire record … and all evidence actually received[.]" ***Id.*** (internal quotation marks and citation omitted). "[T]he trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence." ***Commonwealth v. Orie***, 88 A.3d 983, 1014 (Pa. Super. 2014) (citation omitted), *appeal denied*, 99 A.3d 925 (Pa. 2014). "Because evidentiary sufficiency is a question of law, our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Diamond***, 83 A.3d 119, 126 (Pa. 2013) (citation omitted), *cert. denied,* ***Diamond v. Pennsylvania***, 135 S. Ct. 145 (2014).

In this case, Appellant was convicted of criminal conspiracy, which is defined as follows.

### § 903. Criminal conspiracy

**(a) Definition of conspiracy.**--A person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating its commission he:

> (1) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or

> (2) agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime.

18 Pa.C.S.A. § 903(a). Further, the crime of theft by deception is codified in part as follows.

**§ 3922. Theft by deception**

**(a) Offense defined.**--A person is guilty of theft if he intentionally obtains or withholds property of another by deception. A person deceives if he intentionally:

> (1) creates or reinforces a false impression, including false impressions as to law, value, intention or other state of mind; but deception as to a person's intention to perform a promise shall not be inferred from the fact alone that he did not subsequently perform the promise;

> …

*Id.* § 3922(a)(1). Specifically, Appellant argues that the evidence did not establish that Appellant intended to, or actually did, enter into an agreement with Smalley to withhold the property of Home Depot by creating or reinforcing a false impression. Appellant's Brief at 23. Appellant proceeds

to highlight the evidence that was most favorable to her while ignoring the Commonwealth's evidence. *Id.* at 23-24.

"[A] conviction for conspiracy requires proof of the existence of a shared criminal intent." *Commonwealth v. McCoy*, 69 A.3d 658, 664 (Pa. Super. 2013), *appeal denied*, 83 A.3d 414 (Pa. 2014), *quoting Commonwealth v. Swerdlow*, 636 A.2d 1173, 1176-1177 (Pa. Super. 1994). Further, the proof of an agreement to commit crimes almost always relies on circumstantial evidence because there is rarely a formal agreement between conspirators. *Commonwealth v. Kinard*, 95 A.3d 279, 293 (Pa. Super. 2014) (*en banc*). Accordingly, a conspiracy may be inferred from the conduct of the parties, taking into account the following factors: "(1) an association between alleged conspirators, (2) knowledge of the commission of the crime, (3) presence at the scene of the crime, and (4) participation in the object of the conspiracy." *Id.* (citation omitted). Still, a person can be convicted of conspiracy even if that person does not participate in the commission of the underlying crime. *McCoy*, *supra* at 665 (citation omitted).

Here, the totality of the evidence, viewed in the light most favorable to the Commonwealth, was sufficient to convict Appellant of conspiracy. Appellant testified that she drove Smalley to Home Depot. N.T., 8/5/14, at 74-76. She also admitted that she accompanied Smalley around the store, and she watched Smalley take the paint and faucet filters from the shelves

- 7 -

and put them into bags inside the shopping cart. *Id.* at 76-77. Campbell similarly testified that he watched Appellant push the cart while Smalley took the paint and faucet filters from the shelves and place them in the cart. *Id.* at 38-42. Appellant conceded that she went to the service desk register with Smalley and was present while Smalley attempted to return the paint and faucet filters that they had not paid for. *Id.* at 78-79. When the cashier requested identification to process the return, Appellant gave her driver's license to the cashier. *Id.* at 43. Thus, Appellant associated with Smalley, knew about the plan to defraud Home Depot, was present at the scene, and participated in the theft by deception. *See Kinard*, *supra*.

Further, even if we accept Appellant's version of the incident, the evidence would still be sufficient to convict her of conspiracy. Appellant contends that she did not select the items or place them in the shopping cart, but she does not dispute that she closely accompanied Smalley throughout the incident. Moreover, Appellant contends that she did not directly pass her identification card to the cashier, but she does not contest that her driver's license was used to attempt to return the unpaid-for items. Therefore, the evidence was sufficient to allow the trial court to conclude that Appellant intended to, and actually did, enter an agreement with Smalley to commit theft by deception, and Appellant's first issue is meritless. *See id.*; *McCoy*, *supra*.

In her second issue, Appellant claims there was a **Brady**[4] violation because the Commonwealth did not provide her with the Home Depot video surveillance of the incident. Appellant's Brief at 18. To establish a violation of **Brady**, or of Pennsylvania Rule of Criminal Procedure 573, the defendant must show, in part, that the prosecution suppressed evidence, *i.e.*, that the Commonwealth withheld evidence in its possession. Pa.R.Crim.P. 573; **Commonwealth v. Melvin**, 103 A.3d 1, 32-33 (Pa. Super. 2014). Here, Appellant concedes that the Commonwealth never had possession of the video surveillance evidence. Appellant's Brief at 17 (noting that the security footage was destroyed because "neither [the police nor the district attorney] bothered to get Home Depot to burn the video in [] Appellant's case to a CD[,] so that said information could be preserved[]"). Therefore, there was no violation of **Brady** or Rule 573 because neither the Commonwealth nor the police ever exercised control over the surveillance video and, thus, had no ability or duty to produce it to Appellant.[5] **See Commonwealth v.**

---

[4] **Brady v. Maryland**, 393 U.S. 83 (1963).

[5] Even if the surveillance video were available, Appellant has not established that it would be favorable to her defense. She states merely that the video "would have supported her assertion that she never selected any of the items in question from the shelves and never personally handed the sales clerk her license to complete the return in question." Appellant's Brief at 17. Neither fact is exculpatory. As noted above, the trial court could find Appellant guilty of conspiracy even if she did not participate in the theft. **See McCoy**, **supra**. Moreover, Appellant does not dispute that she
*(Footnote Continued Next Page)*

*Collins*, 857 A.2d 237, 253 (Pa. 2008). Accordingly, we conclude this issue is meritless.

In her third issue, Appellant argues the trial court erred by denying Appellant's motion for an adverse inference concerning the non-preserved Home Depot video surveillance. Appellant's Brief at 15. To warrant an adverse inference regarding missing evidence, the defendant must show that "evidence which would properly be part of a case is within control of the party whose interest it would naturally be to produce it, and, without satisfactory explanation he fails to [produce the evidence]." *Commonwealth v. Trignani*, 138 A.2d 215, 219 (Pa. Super. 1958) (citation omitted), *affirmed*, 142 A.2d 160 (Pa. 1958). If the defendant can do so, then "the [factfinder] may draw an inference that it would be favorable to [the party that fails to produce the evidence]." *Id.*

Here, Appellant complains that the surveillance video of the incident was not available to her because neither the Commonwealth nor the police preserved the video before Home Depot converted to a new surveillance system in January 2014, in the ordinary course of business. Appellant's Brief at 17. This "missing evidence" does not warrant an adverse instruction for several reasons. Appellant concedes that neither the Commonwealth nor the police had the surveillance video in their actual possession at any time.

*(Footnote Continued)* ⸻

accompanied Smalley throughout the incident and that her driver's license was used to attempt to obtain money for the unpaid-for merchandise.

- 10 -

Appellant's Brief at 17; *see also Trignani*, *supra*. Moreover, until the time Home Depot converted to a new surveillance system, the video of the incident was equally available to Appellant. Significantly, Appellant does not contend that she did not have knowledge of the video nor does she provide a reason that it was not available for her to obtain. Appellant's Brief at 17. Further, Appellant admits that the Commonwealth and the police had a satisfactory explanation that they could not produce the video; Home Depot discarded it in the normal course of business. *Id.* Appellant does not assert that the Commonwealth or police intentionally did not obtain or preserve the video because it was exculpatory. Therefore, we conclude this issue is without merit, as Appellant was not entitled to an adverse inference based on the failure of a third party, Home Depot, to preserve the surveillance video of the incident when the video was never exclusively available to the Commonwealth. *See Trignani*, *supra*.

Based on the above reasons, we conclude all of Appellant's issues are meritless. Accordingly, we affirm the trial court's August 5, 2014 judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esc.
Prothonotary


Date: 9/18/2015